**Lucy V. BENNETT, Guardian of John David Craycraft, an Infant under Fourteen Years of Age, Appellant,**

v.

**David B. CRAYCRAFT, individually and as Administrator, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1956.

Rehearing Denied June 15, 1956.

Allen, Duncan, Duncan & Arnold, Lexington, for appellant.

McCann, Sledd & McCann, Lexington, Beverly White, J. Marshall McCann, Jr., Winchester, for appellees.

STEWART, Judge.

This is an appeal from a judgment of the Clark Circuit Court denying the probate of an alleged lost will of Edith Booth Craycraft purported to have been in existence as a valid instrument at the time of her death on July 4, 1952. We shall refer to the decedent herein as "the testatrix." Several grounds are urged for reversal but we shall consider only two of them which we believe are determinative of this appeal, namely:

Whether the due execution of the instrument sought to be probated was a question for the jury to pass on, and, if so, whether the instruction that submitted this issue to the jury was a proper one.

KRS 394.040 provides how a will must be executed to be valid. It reads: "No will is valid unless it is in writing with the name of the testator subscribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

■ By the terms of this statute it is mandatory that the maker of a will not in his own handwriting either sign it in the presence of at least two credible witnesses, or if such maker has already affixed his name to the will while alone, he must then acknowledge the instrument to be his will in the presence of the two witnesses who attest his signature. Both witnesses must subscribe the will with their names in the presence of the maker, but the witnesses are not required to perform this act at the same time or in the presence of each other.

Mr. J. Smith Hays, Jr., testified he was the scrivener who wrote the instrument, and this was about 1948 or 1949. He further stated he "and some other person" attested the testatrix's signature to the disputed will and that both witnesses afterwards signed it in the presence of each other and in the presence of the testatrix. Mr. Hays was county attorney of Clark County at that time and, according to him, the instrument was drafted in his office at the courthouse. It was brought out on his cross-examination that he prepared a great number of documents of a diverse nature for various clients during his thirty-six years of law practice, and he admitted his recollection of this particular instrument, and any details pertaining to it, was a purely general one.

The "other person" referred to in the testimony of Mr. Hays was J. W. Snowden, the then tax commissioner of Clark County. He remembered Mr. Hays called him into the county attorney's office, handed him a paper, told him to sign it, and he complied by subscribing his signature to it while the testatrix was still in the office. He testified he did not see the testatrix sign the paper, she did not tell him it bore her name, and she did not declare it was her will. It was also not shown whether the testatrix requested him to witness the paper. This witness was asked this question about what transpired at the time: "You don't know what went on there, do you?" and he answered: "No. I don't know exactly. No." He said Mr. Hays did inform him, a few days later, as to the character of instrument to which he had affixed his name.

The first essential necessary to establish a valid will is proof of its due execution in conformity with KRS 394.040. The tenor of Mr. Hays' testimony is to the effect that the paper claimed to be the testatrix's will was either signed or acknowledged by her before two credible witnesses and her signature was attested by these same subscribing witnesses in accordance with the statutory requisites, because it was his usual practice to see that all legal formalities in this respect were complied with. Balanced against this custom of Mr. Hays are the definite positive statements of Mr. Snowden that, at the time he signed the paper when asked to do so by Mr. Hays, the testatrix did not declare the paper was her will; neither did she sign the paper nor acknowledge her signature to it in the presence of Mr. Snowden.

Both sides moved for a directed verdict at the conclusion of the evidence we have recited. The trial judge overruled both motions and submitted the question of the due execution of the alleged will to the jury which found the provisions of law set forth in KRS 349.040 had not been complied with.

KRS 394.040 provides that the maker of a will must acknowledge it to an attesting witness or, in the alternative, must sign it before such a witness. Obviously, the failure to perform the one or the other act as regards any subscribing witness will render

the instrument void. It is not enough that the scrivener may explain to the witness what the paper is, that he may say he wishes the witness to attest it, and that the witness may place his name to the paper solely upon this information. See Griffith's Ex'r v. Griffith, 5 B.Mon. 511, a case in most respects like the one under discussion. That case went on to make this statement, which is very pertinent here: " 'When a will is attested by a witness, the witness must be in a position to be seen by the testator, and at that very moment the testator must be in possession of his faculties, and must know what is going on. He must be the party acting, as it is his act in making the will that is to be witnessed and proved by the parties present. * * *' " Thus, the Griffith opinion held it is not sufficient that witnesses subscribe their names to a will merely as witnesses; they must also attest the signature of the maker or his acknowledgment of the will.

■ In this case, if the testimony of Mr. Snowden is accepted at face value, the jury could well believe that no will resulted, for the reason that, according to his evidence, the testatrix neither signed nor acknowledged the paper before him, with the result that he did not attest either of these acts. It is therefore apparent there was a conflict in the testimony of the attesting witnesses which raised an issue of fact as to whether the alleged will had been executed in conformity with the statutory requirements, and it follows that the trial judge did not err when he allowed the jury to resolve this issue.

■■ It is claimed, however, the question of due execution was improperly presented by "Interrogatory No. 1" when it required the jury to believe it was necessary for the testatrix to both sign *and* acknowledge the alleged will in the presence of two witnesses, and, in addition, when the interrogatory stated that the two witnesses must attest the instrument in the presence of each other. As we have heretofore indicated, to execute a valid will the maker need only sign *or* acknowledge before two witnesses and the two witnesses need not subscribe

their names to the instrument in each other's presence but only in the presence of the maker of the will. Although an instruction containing the phraseology objected to here is approved in Stanley's Instructions to Juries (See Section 754, page 1020, and the footnotes cited thereto), this Court believes the instruction given was erroneous in that it fails to follow the plain language of KRS 394.040. We might deem it incumbent upon us to reverse for this reason were it not for the fact that appellant is barred from taking advantage of the mistake of which he complains. An instruction which embodied the same language as the one the lower court actually gave was offered by appellant and the latter cannot now profit by an error that she invited. See 3 Am. Jur., Appeal and Error, Section 876, p. 427. See also Louisville & I. Ry. Co. v. Schuester, 183 Ky. 504, 209 S.W. 542, 4 A.L.R. 1344, and the cases cited therein.

Wherefore, for the reasons set forth, the judgment is affirmed.