Claudie **LITTLE**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 8, 1967.

Rehearing Denied March 29, 1968.

Francis D. Burke and Joseph W. Justice, Pikeville, for appellant.

Robert Matthews, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Claudie Little shot and killed Charles Castle. He was indicted for murder but upon trial was found guilty of the lesser offense of voluntary manslaughter and was given a 12-year sentence. He has appealed from the judgment of conviction.

Little's primary argument is that his testimony conclusively showed that the killing was in self-defense, wherefore he was entitled to a directed verdict of acquittal.

The shooting occurred on a narrow country road along Marrowbone Creek in Pike County. No one was present other than Little and Castle. Little's testimony was that as he was driving down-creek in his pick-up truck, Castle approached from the opposite direction in an Oldsmobile. Castle stopped his car in the middle of the road so as to block Little's passage, and got out of

his car with a Luger pistol in his hand. He approached Little's truck, announcing that he was going to kill Little. The latter begged for his life but Castle came on, repeating his threats. Castle arrived at the right door of the truck, opened it and started to enter the truck with the pistol in his hand. Little then shot him twice with a 38 Special pistol which Little had with him in the truck. Castle died forthwith. Persons who arrived at the scene a short time later saw the Luger pistol lying across Castle's wrist where his body lay on the ground.

A blood test of Castle's body showed such alcohol content as to have created a condition of intoxication. Castle's widow testified that he had been drinking during the day. She further testified that a few minutes before the killing Little drove by their house on Marrowbone Creek, going slowly and staring at the house; that her husband shouted at Little that he was "damn tired of your following me;" and that after Little's truck had passed by, Castle got in his car and drove off in the same direction that the truck had gone. A policeman testified that she had told him that Castle said, as he left the house, "We will settle this now once and for all," but on the trial she denied having made such a statement to the policeman.

There was evidence that a few months before the shooting Little and Castle had engaged in a quarrel. Also that a few days before the shooting Little had sued Castle for a debt and had secured an attachment against some of Castle's property.

Little maintains that his account of the shooting was not contradicted or refuted by any evidence, direct or circumstantial, and in fact was corroborated by the physical circumstances and by the evidence of the events leading up to the shooting. He argues that he made out a clear and convincing case of self-defense such as to entitle him to a directed verdict.

The applicable rule of law is stated in Richie v. Commonwealth, Ky., 242 S.W.2d 1000, at 1004, as follows:

"* * * though the defendant, who was the sole immediate eyewitness, testifies to a prima facie case of self-defense, yet if there is any evidence tending to disprove his testimony, the issue should be submitted to the jury. The circumstances of the case, or the credibility of the witness, or the inherent improbability of his testimony, may refute the claim that he killed the person in defense of his life, or to save himself from serious bodily harm." See also Hatton v. Commonwealth, Ky., 412 S.W.2d 227.

It is our opinion that there were contradictions of, and improbabilities in, Little's testimony sufficient to make a jury issue of self-defense. First, the reason Little gave for being in the neighborhood, to see a lady about buying a cedar chest from her, was challenged by the lady's testimony that she had had no dealings with him about a cedar chest. Second, Little's actions in driving slowly by the Castle home could be construed as calculated to provoke a quarrel. Third, there are some inherent improbabilities in the story that Castle, armed with a gun and announcing his intention to kill Little, but having reason to expect that Little also would be armed, walked openly down the road to the truck, opened the door, and started to get in, without ever making a move to fire his pistol. Why would he wait to get inside the truck before shooting? Likewise, why would Little, fearing for his life, wait until Castle started to enter the truck before shooting to defend himself? Fourth, Little's testimony that he shot Castle as he was entering the truck was contradicted by the facts that no blood was found in or around the door, Castle's body after the shooting was lying with the head next to the right rear wheel of the truck, and there were blood and skin tissue on the right rear wheel. Fifth, the fact that Castle was drunk might have afforded Little opportunities to defend himself other than by killing Castle.

■ Little's second argument on this appeal is that error was committed in admitting in evidence an X-ray photograph

purporting to show the position in Castle's body of one of the bullets. We agree that the admission was error, because the photograph was not properly identified, authenticated, or qualified. However, it is our opinion that the error was not prejudicial. The photographs purported to show only the position of one of the bullets in the right rib cage. The coroner had testified, from his physical examination of the body, that this bullet had entered on the top of the left shoulder. The location of the bullet in the body was significant only in that it indicated that the bullet had followed a downward course, which in turn indicated either that Little was in a higher position than Castle when the shot was fired, or that Castle was bending or leaning over. The fact that the other bullet (two were fired) had followed a downward course was established by testimony of the coroner, from his physical examination of the body, that the bullet entered below the left eye and exited at the back of the neck. Since the downward course of the one bullet had been established, and since both bullets admittedly had been fired in rapid succession, there was no need to show by direct proof that the second bullet had followed a downward course; therefore, the proof so made by the X-ray photograph was of no real significance. Furthermore, the course of the bullets was of no great importance because a downward course was entirely compatible with Little's story that from his seat in the pickup truck he shot Castle as the latter attempted to enter the truck.

As his third ground of error Little asserts that the evidence did not warrant the instruction on voluntary manslaughter under which he was convicted—that the evidence showed either murder or nothing.

The rule is that if a reasonable inference can be drawn from the evidence that the defendant in a homicide case is guilty of a lesser crime than murder, instructions should be given consistent therewith. Harris v. Commonwealth, Ky., 389 S.W.2d 907. In the instant case the evidence warrants reasonable inferences that Castle blocked the road with his automobile so as to require Little to stop his truck; Castle then left his automobile and approached Little's truck, with gun in hand but without voicing any threat of bodily harm; that Little got out of his truck with his gun and the two men engaged in a heated discussion in the course of which, in a sudden passion, Little shot Castle. The circumstances do not indicate an ambush by Little, so if that is eliminated, and if self-defense is eliminated, the plain inference is that the shooting was in sudden heat and passion. Accordingly, it was proper to give the voluntary manslaughter instruction.

Little's final complaint is that the Commonwealth's attorney was permitted consistently to ask leading questions. He does not really argue that this constituted error of such magnitude as to require a reversal of the judgment, nor do we, upon examining the questions complained of, find such error.

The judgment is affirmed.

All concur.