**Treda DAY, Appellant,**

v.

**Delores Hall Clark KELSEY et al.,
Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

Brown, Sledd, & McCann, Lexington, for appellant.

Charles S. Sinnette, Ashland, Thomas R. Burns, Morehead, for appellees.

DAVIS, Commissioner.

Treda Day was the unsuccessful plaintiff in a suit for personal injuries allegedly sustained by her when an automobile operated by appellee Kelsey, in which Mrs. Day was a passenger, ran off I-64 in the nighttime. Mrs. Day appeals, asserting that erroneous instructions were given, and improper argument was made by appellees' counsel.

About nine o'clock on the morning of September 21, 1964, Miss Kelsey and Mrs. Day left Morehead en route to Lexington. Miss Kelsey did the driving of an automobile belonging to Mrs. Day's father which Mrs. Day had borrowed from him. After lunching together in Lexington, the two ladies called on a mutual friend, Jerry Proffitt. The three of them went to a restaurant-bar for refreshments. Mrs. Day had a soft drink, but Miss Kelsey consumed some beer, the exact amount not being specified in the record. Being attired in slacks and determining that they would dine in a "nice place," the ladies purchased some clothing, including skirts, into which they changed at a nearby filling station. Thence, they proceeded to Versailles with Miss Kelsey at the wheel. At a rooming house in Versailles, they met and were joined by two men, friends of Miss Kelsey. The four of them traveled from Versailles toward Frankfort in an automobile operated by one of the men. They dined (and to some extent wined) at a restaurant, although Mrs. Day did not participate in any intoxicating drinks at the restaurant or at all at any time during the entire day and evening. Miss Kelsey drank intoxicants in Lexington, Versailles, and Frankfort, as was known by Mrs. Day.

The party returned to Versailles where Mrs. Day sat in the passenger's seat of her father's car while Miss Kelsey talked with one of the men in his car for some two or three hours. For reasons which are not apparent, it was arranged that Mrs. Day would drive her father's car, following Miss Kelsey in an automobile driven by one of the men until they reached Lexington. This plan misfired when Mrs. Day "lost" the car she was trailing. She proceeded to the edge of Lexington and parked her car to await the arrival of Miss. Kelsey. Mrs. Day went to sleep and was aroused by Miss Kelsey who fortunately was able to find her. Mrs. Day asked Miss Kelsey whether she was "okay" to drive, and upon being reassured that she was, the trip was resumed toward Morehead on I-64 with Miss Kelsey at the wheel. Mrs. Day promptly resumed her nap only to awaken and discover that she had been joined in sleep by Miss Kelsey. The automobile ran off the highway and seriously injured Mrs. Day. Nobody could explain just why the car was wrecked—whether by the drowsiness or intoxication of Miss Kelsey, or both.

▮ Appellant is represented on this appeal by different counsel than represented her at the trial. Numerous complaints about the instructions are urged, but it appears that none of the questions presented was properly preserved for appellate review, since there was no specific objection to the instructions given and since the apppellant offered instructions substantially similar to those which were given. CR 51.

▮ As respects the claimed error in closing argument by appellees' counsel, the record is not adequate to permit appellate review. The argument was not transcribed; the trial court, in considering a motion

for new trial, specifically recited that the attorney did not say what was charged as having been said. In this state of case, we simply have nothing for review.

The court submitted the issues to the jury respecting appellant's contributory negligence or assumption of risk in riding with a driver who was known by her to have imbibed intoxicants. It was also shown that Miss Kelsey had been without sleep for an inordinately long period, which fact was allegedly known by Mrs. Day. Doubtless, the jury reached its verdict because of these facts. Although assumption of risk has been abolished as a separate defense by Parker v. Redden, Ky., 421 S. W.2d 586, that decision was not handed down until after the trial in the present case. More importantly, no objection to the assumption of risk instruction was made anyway.

The judgment is affirmed.

All concur.