Willis Lerner MASON, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 11, 1978.

Terrence R. Fitzgerald, Deputy Public Defender, Daniel T. Goyette, Asst. Public Defender, Louisville, for appellant.

Robert Stephens, Atty. Gen., David M. Whalin, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Mason was convicted of two counts of first-degree assault and two counts of first-degree robbery. The jury fixed the maximum penalty of twenty (20) years' imprisonment on each count. Mason's sole defense at trial was insanity. The jury did not buy it. Mason appeals.

The only question presented by this appeal is whether Mason's right to a fair trial was violated by the trial judge's inclusion in his instruction to the jury on insanity the statement that every man is presumed sane until the contrary is shown by the evidence. We answer this question in the negative and affirm.

 The Circuit Court did not err by so instructing the jury. This language was approved by our decision in *Terry v. Commonwealth*, Ky., 371 S.W.2d 862, 865 (1963). Even if we were to assume that such an instruction was error, Mason failed to preserve it for review either by a timely specific objection to the instruction or by a timely offering of an alternative instruction which fairly and adequately presented his position. RCr. 9.54; *Hopper v. Commonwealth*, Ky., 516 S.W.2d 855, 857 (1974); see *Hankerson v. North Carolina*, 432 U.S. 233, 244 n. 8, 97 S.Ct. 2339, 2345 n. 8, 53 L.Ed.2d 306, 316 n. 8 (1977). In addition, the insanity instruction offered by the defense was identical to that given by the trial court. Having requested the instruction Mason is now precluded from complaining of its content. *Day v. Kelsey*, Ky., 433 S.W.2d 889, 890 (1968); *Bennett v. Craycraft*, Ky., 290 S.W.2d 615, 617 (1956).

However, we take this opportunity to review the instruction to be given a jury on the issue of insanity. In *Wells v. Commonwealth*, Ky., 561 S.W.2d 85 (1978), we reaffirmed the traditional Kentucky view that juries should not be instructed on presumptions, except for peculiar limited statutory presumptions involving expert testimony. We are unable to divine any policy reason which would exclude the presumption of sanity from our general rule.

Presumptions are in the nature of guides to be followed by the trial judge in determining whether there is sufficient evidence to warrant the submission of an issue to the jury, and should not be included in the instruction. *Jones v. Commonwealth*, 291 Ky. 719, 721, 165 S.W.2d 566, 567 (1942); McCormick's Handbook of the Law of Evidence, Sec. 345 (2d ed. 1972); Thayer, Preliminary Treatise on Evidence 314–54 (1898). See generally Annot., 5 A.L.R.3rd 19 (1966).

As McCormick puts it at page 821:

"[T]he only effect of a presumption is to shift the burden of producing evidence with regard to a presumed fact. If that evidence is produced by the adversary, the presumption is spent and disappears . . .. The trial judge need only determine that the evidence introduced in rebuttal is sufficient to support a finding contrary to the presumed fact. If that determination is made, certainly there is no need to instruct the jury with regard to the presumption."

In the exercise of our supervisory authority over the courts we conclude that in cases hereafter submitted to the jury on the issue of insanity the trial judge shall delete the following sentence from the instruction prescribed in *Terry v. Commonwealth*, supra: "The law presumes every man sane until the contrary is shown by the evidence."

The judgment is affirmed.

All concur.