Clarsie Jane **RATLIFF**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

June 13, 1978.

Jack Emory Farley, Public Defender, Rodney McDaniel, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

REED, Justice.

The appellant, Clarsie Jane Ratliff, was convicted of murder and sentenced to 20 years' confinement. Asserting several grounds for reversal, she appeals. We find it necessary to deal with only two of them.

■ The Public Defender's assertion that the trial judge erred in not postponing the trial and conducting a hearing to determine appellant's competency to stand trial is clearly refuted by the record. The truth is that the trial judge showed commendable concern. He had the appellant examined as to her mental competency on his own motion; he held a due process evidentiary hearing on the issue; he found she was not competent to stand trial. Sometime later her attorney (a member of the Public Defender's state staff) requested that she be tried and her psychiatrist certified in writing that she was then competent to stand trial. The trial judge acceded to the requests of appellant's counsel and her psychiatrist who attended the trial. Appellate counsel do nothing to establish credibility with the court by claiming error in such circumstances. This claim of error is specifically rejected.

■ This court has concluded that appellant in the context presented sufficiently objected to the instructions of the trial judge to the jury to preserve the question of their validity for consideration on appeal. We have decided that appellant was entitled to an instruction on first degree manslaughter as her attorney requested in the trial court. The trial judge committed prejudicial error when he failed to so instruct and thereby to allow the jury to consider the existence of the mitigating influence of extreme emotional disturbance rather than confining their inquiry solely to the existence of the completely exculpating circumstance of mental disease or defect to the high degree of legal insanity at the time of the commission of the offense.

Under the indictment and the evidence, the situation presented was one which in the past would have been labeled as wilful murder with a defense of legal insanity. Today, however, under our Penal Code, the possible offenses are defined by statute. KRS 507.020 defines murder as an intentional killing where the defendant is not acting under the influence of extreme emo-

tional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be. KRS 507.030(1)(b) defines manslaughter in the first degree as the intentional killing of another under circumstances which do not constitute murder because the defendant acts under the influence of extreme emotional disturbance as defined in KRS 507.-020.

On November 1, 1976, appellant traveled to Morehead where she bought a .22 caliber pistol and a box of shells. She returned to Grayson that same day. The next day she went to the Dollar General Store in Grayson. While in the store, she fatally shot a female clerk. There had been no prior trouble between the victim and the appellant. There were no eyewitnesses to the shooting although a second clerk outside the store arrived in time to see appellant leave. When appellant reached the outside of the store, she fired her pistol again. Two shots were fired in the direction of a man, an apparent stranger to her, who had just parked his truck near the store entrance. One shot was fired into a store front. After these shots were fired, she proceeded to walk down the street, tossed the gun into a nearby yard and was apprehended immediately thereafter by the police.

The record is replete with evidence of an emotional disturbance which, if believed by the jury, could have served to mitigate the degree of culpability under our present Penal Code while not rising to the level of legal insanity and complete exculpation.

Two expert psychiatrists testified that appellant suffered from schizophrenia-paranoid type. Both experts agreed that she was very likely psychotic at the time of the shooting and was unable to comprehend what was occurring. The appellant's own testimony indicated that she was under the delusion that a sizeable number of town's people led by County Judge McDavid and local policeman Charlie Gilbert had formed a conspiracy to run her out of town.

Appellant believed the store clerk was a conspirator against her. She testified: ". . . Charlie Gilbert went up and told that woman at the store, the one I shot; he went up there and told her not to sell me nothing out of the store . . . ." "They watched me, yes, and got smart with me and they acted like they wanted to bother me—the Mullens girl—and there's another girl come in from across the street, a little black headed girl, and they both got together there and I thought they was going to jump me." Appellant told state police detective Bellamy, "That lady (the victim) looked at me as if she was going to pull my hair." Appellant had been on medication and had been visiting the local Comprehensive Care Center for some time prior to the shooting for treatment of her mental condition. If the foregoing evidence would not permit an objective jury to reasonably doubt the absence of extreme emotional disturbance in this case, there is no use having this element expressed in the Penal Code as a circumstance permitting mitigation.

The case of *Edwards v. Commonwealth,* Ky., 554 S.W.2d 380 (1977) is inapposite. There the issue was whether the defendant was entitled to a directed verdict in her favor on her exculpatory defense of legal insanity. We held that her evidence ". . . completely fails to show that on the [date of the crime], a mental disease or defect had so reduced her mental state that she was unable either to appreciate the criminality of her acts or to resist the impulse to commit the crime." Id. at 383.

In view of this failure of proof, we could find no error in the trial judge's refusal to grant Edwards the directed verdict of acquittal that she sought.

In the case presently before us, the prosecution carried the burden to satisfy the jury of the absence of extreme emotional disturbance as statutorily defined. The defendant carried the burden to convince the jury that she was legally insane at the time of the commission of the offense. KRS 504.-020. If the jury had a reasonable doubt that the defendant had been proved not to

have acted under the influence of extreme emotional disturbance for which there was a reasonable justification or excuse under the circumstances as she believed them to be, the punishment they could otherwise assess for murder could have been mitigated by a finding of first degree manslaughter. Of course, if the defense of legal insanity had been believed by the jury the result would have been complete exculpation and not mitigation of punishment.

In this case, if the evidence on the new trial later directed herein is substantially the same, the trial court should instruct as set forth in Palmore and Lawson, Kentucky Instructions to Juries, Sec. 2.02, pp. 37, 38, 39 and Sec. 10.31, pp. 371, 372. These recommended instructions should be conformed to the evidence, the references to the defense of self protection should be omitted, and the sentence: "The law presumes every man sane until the contrary is shown by the evidence.", should be omitted from Sec. 10.31. See *Mason v. Commonwealth,* Ky., 565 S.W.2d 140 (1978) (Rendered April 12, 1978).

We reserve decision on all other issues raised in this appeal.

The judgment is reversed for a new trial consistent with this opinion.

PALMORE, C. J., and CLAYTON and LUKOWSKY, JJ., concur.

JONES, STEPHENSON and STERNBERG, JJ., dissent.

JONES, Justice, dissenting.

In my view, Clarsie Jane Ratliff had a fair trial. Under all of the evidence I am of the opinion that the trial court properly instructed the jury. There is not a shred of evidence that Clarsie acted under extreme emotional disturbance. She calmly and deliberately committed the crime with which she was charged.

I am of the opinion that the trial court showed a great deal of compassion and understanding. Had the public defender not requested a trial and had not the psychiatrist who attended the trial certified that Clarsie was competent to stand trial, perhaps she would not have had a trial. Her counsel and her psychiatrist were so confident that the jury would not convict because of the insanity defense they pressed for a trial, got one, and the jury did what they were supposed to do. The jury gave Clarsie the minimum sentence on murder. It is an exercise in futility to send this case back for another trial with directions that the trial court instruct the jury on first-degree manslaughter.

There is no doubt that Clarsie was suffering from a mental disease. She was classified by a psychiatrist as a schizophrenic paranoid. A psychiatrist testified that she might commit a similar offense again and again. If an iota of evidence existed that Clarsie was acting under extreme emotional disturbance I would join the majority in saying that she was entitled to an instruction on first-degree manslaughter. I do not believe it is the function of this or any appellate court to embark on a crusade to find errors where none exist.

I do not believe the trial court committed prejudicial error in failing to give a first-degree manslaughter instruction in this case. I therefore would affirm the judgment.

For the reasons stated I respectfully dissent.

I am authorized to say that STEPHENSON and STERNBERG, JJ., join in this dissent.