Herbert Donley BARTRUG, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

July 3, 1978.

Jack Emory Farley, Public Defender, M. Gail Robinson, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Reid C. James, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Bartrug was indicted and tried for the murder of his neighbor, Mrs. Thornsberry. The jury returned a verdict of guilty of the lesser included offense of first-degree manslaughter. Bartrug appeals. We affirm.

The evidence demonstrated Bartrug had been drinking on the day of the killing, but that he was not "staggering" drunk and could still make rational judgments. He was sufficiently coordinated earlier in the day to go to the reservoir to shoot groundhogs. In the afternoon he complained to Walker about his neighbors. He then walked up the street where he met Mrs. Thornsberry in front of her home and an argument ensued. Mrs. Thornsberry struck Bartrug knocking him to the ground. Bartrug said, "I'm going to kill you." He then shot Mrs. Thornsberry four times in the back. Walker witnessed the shooting and fearing for his safety shot Bartrug. Bartrug testified he had been drinking during the day and could not remember much of what transpired. He also stated he did not intend to kill Mrs. Thornsberry when he fired the shots, but only to scare her.

Bartrug assigns five errors. Two of the alleged errors were not adequately preserved at trial and this court will not consider them. RCr 9.54(2); *McHenry v. Commonwealth,* Ky., 490 S.W.2d 766, 767 (1973). Of the three remaining assignments of error two are frivolous and do not merit discussion.

Bartrug submits the trial court should not have bifurcated the elements of the offense of first-degree manslaughter in its instructions to the jury. The trial court's instructions were divided into nine parts. Parts one through four defined the elements of murder and the various lesser included offenses. Part five dealt with reasonable doubt, parts six and seven submitted Bartrug's defenses, part eight gave definitions and part nine required a unanimous verdict.

The gist of Bartrug's complaint is the placement of the explanation of the effect of the mitigation element, "extreme emotional disturbance," which differentiates first-degree manslaughter from murder in the reasonable doubt part of the instructions, was error.[1] *Compare* KRS 507.030(1)(b)[2] *with* KRS 507.020(1)(a).[3] It is obvious why this is proper. To otherwise frame the instructions would result in the jury being required to believe Bartrug acted "under the influence of extreme emotional disturbance" when he killed Mrs. Thornsberry to trigger the mitigating element. This is not what the statute contemplates. Unless the jury believed beyond a reasonable doubt that Bartrug did *not* act "under the influence of extreme emotional disturbance" he could only be convicted of first-degree manslaughter, not murder.

The legislature clearly intended the prosecution to bear the risk of non-persuasion on the element of mitigation. *Ratliff v. Commonwealth*, Ky., 567 S.W.2d 307 (1978).

In reality what Bartrug is urging the court to do is shift the burden of persuasion to the defendant on the issue of mitigation. This we can not do because the language of the statute makes the *absence* of "extreme emotional disturbance" an essential element of the offense of murder. Contrary to Bartrug's argument the instructions to the jury were not confusing. These instructions, when read as a whole, clearly state the issues the jury needed to resolve in a manner which an ordinarily intelligent person may comprehend and no confusion or prejudice resulted therefrom. *Conn v. Commonwealth*, 245 Ky. 583, 593, 53 S.W.2d 931, 936 (1932); *see Turner v. Commonwealth*, Ky., 328 S.W.2d 536, 539 (1959).

Bartrug submits the trial court erred by instructing the jury that it may convict him of first-degree manslaughter if it believed beyond a reasonable doubt that he killed Mrs. Thornsberry while acting with intent to cause her serious physical injury. KRS 507.030(1)(a).[4] Bartrug argues that there is no evidence in the record to support such an instruction. "The rule is

1. If you believe from the evidence beyond a reasonable doubt that the defendant would be guilty of intentional murder under Instruction # 1 except that you have a reasonable doubt as to whether at the time he killed Yvonne Thornsberry, if he did kill her, he was or was not acting under the influence of extreme emotional disturbance for which there was reasonable justification or excuse under the circumstances as he believed them to be, you shall not find him guilty of murder, but shall find him guilty of first-degree manslaughter under instruction # 2.

2. 507.030 Manslaughter in the first-degree
   (1) A person is guilty of manslaughter in the first degree when: (b) With intent to cause the death of another person, he causes the death of such person or of a third person under circumstances which do not constitute murder because he acts under the influence of extreme emotional disturbance, as defined in subsection (1)(a) of KRS 507.020.

3. 507.020 Murder

(1) A person is guilty of murder when:
(a) With intent to cause the death of another person, he causes the death of such person or of a third person; except that in any prosecution a person shall not be guilty under this subsection if he acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be. However, nothing contained in this section shall constitute a defense to a prosecution for or preclude a conviction of manslaughter in the first-degree or any other crime.

4. 507.030 Manslaughter in the first-degree
   (1) A person is guilty of manslaughter in the first-degree when:
   (a) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person.

that if a *reasonable inference* can be drawn from the evidence that the defendant in a homicide case is guilty of a lesser crime than murder, instructions should be given consistent therewith." *Little v. Commonwealth*, Ky., 424 S.W.2d 819, 821 (1967) (emphasis added).

The jury in this case could have entertained a reasonable doubt of Bartrug's intent to kill Mrs. Thornsberry as a result of his testimony, and could have reasonably inferred that he intended to cause her serious physical injury from his use of a pistol. *See Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75, 78 (1977). The trial court did not err in its instructions on first-degree manslaughter.

The judgment is affirmed.

All concur.