**Jimmy WELLMAN, a/k/a Jimmy Wedding, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

June 13, 1985.

Rehearing Denied Sept. 5, 1985.

Rodney McDaniel, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Paul E. Reilender, Jr., Asst. Atty. Gen., Frankfort, for appellee.

GANT, Justice.

Appellant was indicted for and convicted of the murder of his mother. The verdict of the jury was rendered pursuant to KRS 504.120 and KRS 504.130, finding the appellant guilty but mentally ill at the time of the offense.

Of primary thrust on this appeal is the contention of appellant that he was entitled to a directed verdict of acquittal on the murder charge on the grounds that the verdict of the jury reflecting mental illness implicitly and necessarily constituted a finding that this appellant was acting under the influence of extreme emotional distrubance as set out in KRS 507.020(1)(a). Appellant further contends that there was no evidence of the absence of extreme emotional disturbance as mandated by *Ratliff v. Commonwealth,* Ky., 567 S.W.2d 307 (1978); *Bartrug v. Commonwealth,* Ky., 568 S.W.2d 925 (1978), and *Edmonds v. Commonwealth,* Ky., 586 S.W.2d 24 (1979). We disagree, and affirm the conviction of guilty of murder but mentally ill.

■ We are continually beset with arguments founded upon "extreme emotional disturbance" despite the articulation of its meaning and impact in *Gall v. Commonwealth,* Ky., 607 S.W.2d 97, 108–109 (1980). It is our opinion that the principal cause of this problem is the failure of this court, in *Gall,* to specifically overrule those portions of *Ratliff, Bartrug* and *Edmonds, supra,* which declare that the *absence* of extreme emotional distress is an essential element of the crime of murder and require the Commonwealth to prove such absence, even in those cases where there is no evidence whatever indicating emotional disturbance. To the extent that such cases declare absence of extreme emotional distress to be an element of the crime of murder, they are expressly overruled.

The presence or absence of extreme emotional distress is a matter of evidence, not an element of the crime. They are a matter of the circumstances of each homicide, and there is certainly no obligation to prove the absence of something which was never there.

■ In the instant case, the appellant actually benefitted from the inclusion of extreme emotional disturbance in the murder instruction and the giving of a voluntary manslaughter instruction. There was no evidence that at the *time of the act* of homicide there was some event, some act,

some words, or the like, to arouse extreme emotional disturbance, which is absolutely necessary. As the court stated in *Gall, supra:*

An instruction on voluntary manslaughter is proper only in those instances where there is evidence that will support the giving of the instruction.

\*    \*    \*    \*    \*    \*

An instruction on murder need not require the jury to find that the defendant was not acting under the influence of extreme emotional disturbance unless there is something in the evidence to suggest that he was, thereby affording room for a reasonable doubt in that respect.

■ The contention that mental illness and extreme emotional disturbance are one and the same is without merit. Prior to the adoption of KRS 507.020 (murder) and KRS 507.030 (voluntary manslaughter), the differentiating standard between the two, under the common law, was "sudden heat and passion." The principal change in the statute does not lie in the difference in the definitions between "sudden heat and passion" and "extreme emotional disturbance," if there is such. It lies in the fact that the former requires adequate provocation in the eyes of a reasonable man under the circumstances, while the latter requires the jury "to place themselves in the actors' position as *he* believed it to be at the time of the act." *Gall, supra,* at p. 108. Thus, the proper application, and point thereof, of mental illness, like intoxication on alcohol or drugs, is in the test of the effect thereof in considering such factors as events, acts or words as they relate to the particular defendant who contends that he was under extreme emotional disturbance at the time of his act.

In short, mental illness may be considered by the jury in the reaction by a particular defendant when there is probative, tangible and independent evidence of initiating circumstances, such as provocation at the time of his act which is contended to arouse extreme emotional distur-

bance. It is not such a disturbance when standing alone.

The alleged error concerning the evidence relating to the persistent felony charge was not preserved for our consideration.

■ The appellant argues that the judgment must be vacated because of failure of the trial court to follow the mandate of KRS 504.140, requiring the court to appoint a psychologist or psychiatrist to examine, treat and report on defendant's mental condition and that this appointment shall be made at the time of sentencing. This was not done, and is error. Although the life sentence herein was imposed under KRS 532.080(1), the defendant was found guilty but mentally ill, which sets in motion the mandate of KRS 504.140.

■ Appellant is also correct in his contention that the final judgment should be corrected to reflect that appellant's sentence is only a single life imprisonment for the persistent felony offender conviction, and not life imprisonment "on each count" as the final judgment indicates. The sentence imposed in the final judgment is contrary to KRS 532.080(1) which provides that the sentence for persistent felony offender shall be *in lieu* of the sentence imposed for the principal offense. *See Pace v. Commonwealth*, Ky., 636 S.W.2d 887 (1982). We expressly overrule *Shannon v. Commonwealth*, Ky., 562 S.W.2d 301 (1978), on this point and hold that, despite the fact that the trial counsel failed to object at the time of the judgment's entry, since sentencing is jurisdictional it cannot be waived by failure to object.

The judgment of conviction is affirmed and this case is remanded to the trial court for (1) compliance with KRS 504.140 in appointing a psychologist or psychiatrist; and (2) sentencing to a single life sentence, pursuant to KRS 532.080.

All concur.