793 F.2d 1290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARNOLD EDWARD BURTON, Petitioner-Appellant
v.
GENE A. SCROGGY, WARDEN, KENTUCKY STATE
PENITENTIARY,Respondent-Appellee.
 85-5536
 United States Court of Appeals, Sixth Circuit.
 5/13/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 Before: MERRITT and JONES, Circuit Judges; and THOMAS, Senior Circuit Judge*.
 MERRITT, Circuit Judge.
 
 
 1
 Arnold Edward Burton appeals the District Court's denial of his petition for writ of habeas corpus. Because we find no constitutional deprivation, we affirm.
 
 I.
 
 2
 Petitioner Burton was indicted on 11 counts of robbery in the first degree under KRS 515.020, two counts of attempted murder under KRS 506.010, and one count of being a persistent felony offender in the first degree under KRS 532.080. These charges stemmed from his alleged involvement in a holdup at the Sly Fox lounge in Covington, Kentucky. After taking Dilaudid and Quaaludes, drinking beer, and smoking pot, Burton and a codefendant had gone to the bar in question, armed with a pistol and a rifle respectively. They then spent the next 20-25 minutes threatening the patrons of the bar while taking their cash and valuables. By the time the pair exited the bar, Covington police officers had taken up positions outside. Shots were fired, some by appellant at the officers, and the pair fled. Burton was later apprehended while hiding under a truck in an alley. There was testimony that during the robbery and at the time of his arrest Burton did not appear especially intoxicated. About two hours after his arrest, Burton confessed to the crime[1] (no Miranda issue was raised at any stage).
 
 
 3
 Two of the robbery counts were dismissed prior to trial; Burton was convicted of the remaining nine robbery counts and of the two attempted murder counts. He was sentenced to serve fifteen years for each robbery count and twenty years on each attempted murder count. In the persistent felony offender stage of the proceedings, the jury enhanced his sentence on one of the counts of attempted murder to 40 years. The sentences were all to run consecutively, for a total of 195 years. The case was appealed to the Kentucky Supreme Court, charging the four errors alleged here, without success. Burton then petitioned for grant of habeas corpus in the District Court. The petition was referred to a magistrate, who recommended that the petition be denied. The case was then remanded to the magistrate for reconsideration in light of the state court transcripts, which had not been filed the first time around. After reconsideration, the magistrate again recommended that the petition be denied, a recommendation which was adopted by the District Court. From that action comes this appeal.
 
 II.
 
 4
 Burton's first argument is that the trial judge failed to instruct the jury as to an essential element of the crime, the lack of extreme emotional disturbance, thus denying him due process by allowing conviction without all elements of the crime being satisfied.
 
 
 5
 This argument is without merit, although we acknowledge that until recently the Kentucky case law on the subject was somewhat confused. The wording of the Kentucky murder statute is susceptible, with only moderate straining, to the reading Burton urges:
 
 
 6
 (1) A person is guilty of murder when:
 
 
 7
 (a) With intent to cause the death of another person, he causes the death of such person or of a third person; except that in any prosecution a person shall not be guilty under this subsection if he acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be. . . .
 
 
 8
 K.R.S. 507.020. The presence of extreme emotional disturbance turns what would otherwise be murder into manslaughter. K.R.S. 507.030. This applies to attempts to commit murder as well.
 
 
 9
 The question of whether the absence of extreme emotional disturbance is an element of the crime of murder has plagued Kentucky law for years. Last year, however, the Supreme Court of Kentucky settled the controversy by declaring that lack of emotional disturbance is not an element of murder and by overruling all prior case law to the contrary. Wellman v. Commonwealth, 694 S.W.2d 696, 697 (Ky. 1985). That being the case, Burton's argument must fail.[2]
 
 
 10
 Burton's next argument is that the trial court wrongly instructed the jury on the intoxication defense. Under Kentucky law, voluntary intoxication is a defense if it prevents the formation of a mental state that is an element of the crime. K.R.S. 501.080. The leading Kentucky case on the subject is Jewell v. Commonwealth, 549 S.W.2d 807 (Ky. 1977). That case held that mere use of intoxicants is not sufficient to raise the defense of intoxication; instead, there must be evidence 'that is reasonably sufficient to support a doubt that the defendant knew what he was doing.' Id. at 812. See also Mishler v. Commonwealth, 556 S.W.2d 676 (Ky. 1977) (applying rule). In the instant case an instruction on intoxication was given, and it appears to comply with Kentucky law on voluntary intoxication. There is thus no basis for a grant of habeas corpus relief: the instruction is correct as a matter of state law, and Burton does not explain why the Kentucky law as applied would deprive him of due process or otherwise violate the Constitution, laws or treaties of the United States.
 
 
 11
 Burton's next claim is that the trial court instructed the jury in a manner that might have allowed him to be found guilty by a less-than-unanimous verdict. The substance of the instruction was that if some jurors thought that Burton was a principal in the robbery, while others thought that he was an accessory, he could still be convicted as long as all thought that he was one or the other. In some states, where the distinction between principal and accessory is of significance, this instruction might do real harm. In Kentucky, however, the two offenses are identical, so that no prejudice could have resulted. See Burton v. Commonwealth, slip op. (81-CR-77-1, Ky. 1983); Wells v. Commonwealth, 561 S.W.2d 85 (Ky. 1978). Thus, if there was any error, it was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18 (1967).
 
 
 12
 Burton's last argument is that the sentence imposed by the trial court (consecutive terms totalling 195 years) violates the provisions of K.R.S. 532.110(1)(c) in that the longest permissible sentence under that statute is life imprisonment.
 
 
 13
 This court is precluded from consideration of this claim, as Burton did not file an objection to that portion of the magistrate's report dealing with the sentencing issue. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981); Thomas v. Arn, ---- U.S. ----, 106 S.Ct. 466, 471 (1985); see also Wilson, supra, slip op. at 9. We note, however, that the Kentucky courts have held that K.R.S. 532.110(1)(c) bars successive life sentences but is no bar to consecutive terms of years no matter how long the sentence. See Hampton v. Commonwealth, 666 S.W.2d 737 (Ky. 1984) (upholding 105 year sentence) ('No term of years, regardless of length, conflicts technically with the terms of a sentencing statute which expresses no limitation on the number of years,' even though 'Obviously, as a practical matter, one hundred five (105) years exceeds appellant's life expectancy . . ..').
 
 
 14
 Accordingly, the petition is denied.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge of the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 See Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 On Burton's direct appeal, the Kentucky Supreme Court concluded that 'there is no testimony in the record, other than that coming indirectly from the appellant himself, that he was under any extreme emotional disturbance at the time of the robbery. Therefore, no instruction on the absence of extreme emotional disturbance was required.' The Supreme Court's determination is dispositive of whether sufficient evidence existed to support an instruction, as a federal court does 'not sit as a "super' state supreme court' to judge whether the judge erred under state law.' Wilson v. McMacken, No. 85-3581, slip op. at 10 (6th Cir. March 17, 1986) (quoting Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983)). Even were we to address the issue, however, Burton has still not made out a case for the presence of extreme emotional disturbance. The facts relied on in his brief are (1) that he was under the influence of drugs and alcohol; and (2) that because of the police pursuit he 'was really scared. I didn't want them shooting at me, so I was trying to get away [by shooting back].' The first is more appropriately covered by the intoxication defense, while the second would plausibly apply to any fleeing felon who shoots it out with police. Despite the Kentucky Supreme Court's unwillingness to specifically define 'extreme emotional disturbance,' see, e.g., Edmonds v. Commonwealth, 586 S.W.2d 24, 27 (Ky. 1979) ('We find it unnecessary to define extreme emotional disturbance . . . we know it when we see it.'), we believe that no reasonable definition would encompass Burton's claims. See, e.g., State v. Elliott, 177 Conn. 1, 411 A.2d 3 (1979) (defining term in relation to near-identical statute); State v. Reid, 193 Conn. 646, 480 A.2d 463 (1984) (applying definition to similar facts)