819 F.2d 290
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. WELLMAN, Petitioner-Appellant,
v.
John REES, Superintendent, Kentucky State Reformatory,
Respondent-Appellee.
 No. 86-5988.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner James E. Wellman was found guilty of murder and of being a second-degree persistent felony offender in, connection with the killing of his mother, Mary Rose. It was alleged and proved that on February 26, 1983, he stabbed his mother with a knife and that as a result of that stabbing she died May 13, 1983. The Kentucky jury found him guilty of murder as charged but mentally ill. His conviction was affirmed by the Kentucky Supreme Court in Wellman v. Commonwealth, 694 S.W.2d 696 (1985), although separate sentences for the two counts were found to have merged into one single sentence of life pursuant to KRS 532.080.
 
 
 2
 In his petition for a writ of habeas corpus, Wellman alleged in the district court that he was denied due process of law because the trial court in submitting the case to the jury had eliminated the absence of extreme emotional disturbance as an element of murder under KRS 507.020(a)(1), and had thus significantly and without notice changed the elements of murder after Wellman's offense had been committed, contrary to the due process clause of the United States Constitution as applied in Bouie v. City of Columbia, 378 U.S. 347 (1964). See also Hoover v. Garfield Heights municipal Court, 802 F.2d 168 (6th Cir. 1986).
 
 
 3
 It is certain, at least after the recorded opinion of the Kentucky Supreme Court in Wellman's appeal from his conviction, that Kentucky law no longer considers the absence of extreme emotional disturbance an element of the crime of murder. See Wellman v. Commonwealth, supra. On this, all parties evidently agree. The dispute, instead, lies in whether the Supreme Court of Kentucky enlarged the crime of which Wellman was convicted by making this determination in his own appeal and in doing so by retroactively changing the existing law to eliminate the absence of such extreme emotional disturbance as an element of murder, whereas under prior decisions of the Supreme Court of Kentucky it was such an element.
 
 
 4
 The United States Magistrate in his report and recommendation filed in the district court on June 23, 1986 carefully examined all of the Kentucky authorities which it is claimed supported the theory that the effect of the Supreme Court's affirmance in Wellman's case was to enlarge the scope of the criminal statute under which he was convicted and then applying it retroactively. In this respect the magistrate stated that the test for determining whether due process is violated is whether a decision is "an unforeseeable judicial enlargement of a criminal statute ... that aggravates a crime, or makes it greater than it was, when committed." Bouie, 378 U.S. at 353 (citation and emphasis omitted). Similarly, a judicial decision is invalid if it operates in the same manner as an ex post facto law, i.e., "makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action." Id.
 
 
 5
 Admitting that the Kentucky case law on the subject was previously somewhat confused, the magistrate nonetheless did not believe that the Kentucky Supreme Court decision was such an unforeseeable and retroactive expansion of KRS 507.020 as to violate petitioner's rights under the due process clause. The magistrate then went on to note that while certain decisions of the Kentucky Supreme Court had seemed to indicate the absence of extreme emotional distress to be an element of the crime, see Ratliff v. Commonwealth, 567 S.W.2d 307 (1978); Bartrug v. Commonwealth, 568 S.W. 2d 925 (1978); and Edmonds v. Commonwealth, 586 S.W.2d 254 (1979), nonetheless the Supreme Court of Kentucky had prior to the commission of the offense here rejected the earlier cases and rejected the concept that the absence of extreme emotional disturbance was an element of the crime of murder. See Gall v. Commonwealth, 607 S.W.2d 97 (1980); see also Henley v. Commonwealth, 621 S.W.2d 906 (1981); and more recently Hayes v. Commonwealth, 625 S.W.2d 583 (1982). Those cases all indicate that the presence or absence of extreme emotional distress, while admissible as a matter of evidence, was not an element of the crime itself.
 
 
 6
 While it is true that some of the cases were not overruled specifically until Wellman's own appeal to the Supreme Court and the latter's reported decision, nonetheless we agree with the magistrate that the result ultimately articulated was plainly foreshadowed by Gall and the other cases decided, Henley and Hayes, even though there was perhaps some imprecision in expression. In many of the earlier cases relied upon by petitioner, the language which appears to state that the absence of extreme emotional disturbance is an element of the crime was not directly applicable to the decision in the case at hand, and thus could only be construed as dicta. Certainly after Gall's issuance, the final determination that applied with respect to Wellman's case was plainly foreshadowed. Anyone contemplating the commission of acts such as those of which Wellman was ultimately found guilty could not in any way have been misled into committing an act which was innocent when done but made criminal later or in which the penalty therefor had been aggravated after the commission of the crime.
 
 
 7
 Accordingly, for the reasons set forth in the report and recommendation of United States Magistrate Joseph W. Hood, dated June 23, 1986, and adopted by the district court by judgment entered on August 13, 1986, that judgment is accordingly AFFIRMED.