SILER, Circuit Judge,
concurring in part and dissenting in part.
I would affirm the district court’s judgment denying the petition for a writ of habeas corpus. Therefore, I dissent on Parts IV and V of the majority opinion. In all other respects, I concur in the conclusions of the majority opinion, except where it authorizes the issuance of a writ of habeas corpus. This concurrenee/dissent will only discuss those portions of the majority opinion with which I disagree, to wit, the sufficiency of the evidence and prosecutorial misconduct.
I. Shifting the Burden of Proof on EED
David Eugene Matthews asserts that he was denied due process of law under the Fourteenth Amendment because the decision by the Kentucky Supreme Court in Matthews v. Commonwealth, 709 S.W.2d 414, 420-421 (Ky.1985), “was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” 28 U.S.C. § 2254(d)(1). Put another way, he asserts that the evidence was insufficient to convict him of murder because “the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.” In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
The certificate of appealability does not include a claim that the instructions to the jury were erroneous. Therefore, we must look to see if the Supreme Court of Kentucky failed to follow the criteria in 28 U.S.C. § 2254. The Kentucky Supreme Court did not shift the burden of proof to the defendant under the EED defense. Although it cited the case of Wellman v. Commonwealth, 694 S.W.2d 696 (Ky.1985), it went on to say that the “trial court’s instructions in regard to extreme emotional disturbance were adequate, and the proof supported the jury’s findings of intentional murder.” Matthews, 709 S.W.2d at 421. It did not apply Wellman to Matthews’s case, because it assumed that the prosecution bore the burden of proving absence of EED once Matthews produced some evidence of EED. Unlike the decision in Gall v. Commonwealth, 607 S.W.2d 97 (Ky.1980) (Gall I), it addressed the sufficiency of the evidence claim “head-on,” and the proof at trial was sufficient to show the absence of EED beyond a reasonable doubt.
The majority is correct in its conclusion that EED was only an element of murder *526 if the defendant raised a reasonable doubt as to its presence. It further concludes that Matthews had the initial burden of production to show EED. Matthews met that burden, but the Kentucky Supreme Court did not shift the burden of proof to the defendant and its opinion did not say it did. Moreover, the murder instructions, Numbers 3 and 7 in this case, clearly show that the burden of proof had never shifted to Matthews. They read as follows:
You will find the defendant, David Eugene Matthews, guilty under this instruction if, and only if, you believe from the evidence beyond a reasonable doubt, all of the following:
(a) That in this county on or about the 29th day of June, 1981, he shot [the victims] with a pistol which resulted in [their] death[s]; AND
(b) That in so doing he caused [the victims’ deaths] intentionally and not while acting under the influence of extreme emotional disturbance for which there was a reasonable justification or excuse under the circumstances as he believed them to be.
The remainder of the instructions included finding the defendant not guilty unless the jury was satisfied beyond a reasonable doubt he was guilty. There was no jury instruction which required Matthews to have either the burden of production or of proof.
Although Matthews claims that the prosecution produced no evidence to contradict his threshold showing of EED in his case, the Supreme Court of Kentucky found that the prosecution had rebutted the evidence of EED sufficiently to present the issue to the jury. It recited the facts that “[i]n addition to the circumstances of the crime, the proof was that when he returned to his mother’s house after the crime, ... he took steps to hide the gun and clean his clothes. Shortly thereafter, he gave a false statement to the police.” Matthews, 709 S.W.2d at 421.
Obviously, we must follow the decision in Gall v. Parker, 231 F.3d 265 (6th Cir.2000) (Gall II), if it is applicable. However, we stated in Gall II that the Commonwealth did “not even claim to have” rebutted the showing of EED in the brief it filed in this court. Id. at 291. The majority opinion here holds that the Kentucky Supreme Court should have followed Gall I in the direct appeal. The Kentucky Supreme Court did cite Gall I for its authority that the Commonwealth did not have to produce direct evidence to show an absence of EED .Matthews, 709 S.W.2d at 421. The majority here admits that the Commonwealth did not have to produce direct evidence to sustain its burden of proof on the absence of EED. Moreover, in his brief before this court, Matthews argues that the Kentucky Supreme Court “clearly applied Gall I.” His argument appears to be that he was saddled with the alleged unconstitutional burden of production for EED evidence announced in Gall I.
The law in Kentucky was that when a party raised a defense such as EED, the Commonwealth was not required to rebut it with an expert witness, but could rebut evidence of EED through cross-examination of the expert witness and through all of the circumstances of the crime. See, e.g., Hayes v. Commonwealth, 625 S.W.2d 583, 585-86 (Ky.1981) (finding the cross-examination of the expert sufficiently raised factual issues as to whether the defendant acted under EED); see also Ice v. Commonwealth, 667 S.W.2d 671, 678 (Ky.1984) (finding lay testimony used to rebut an expert’s testimony as to sanity was sufficient); Newsome v. Commonwealth, 366 S.W.2d 174, 177 (Ky.1963) (finding insanity to be an issue of fact to be determined by the jury even though the accused introduced evidence of insanity). *527 This rule is similar to that in other states. See, e.g., State v. Coe, 233 S.W.3d 241, 251 (Mo.Ct.App.2007) (“When the state has the burden of proving a negative fact, ... it may be proven by circumstantial evidence.”); State v. Gonzalez-Rivera, 48 Conn.App. 784, 713 A.2d 847, 853 (1988) (affirming court’s rejection of the affirmative defense of EED where the prosecution rebutted expert testimony with only circumstantial evidence of events surrounding the crime).
The majority asserts that these cases shed little light on whether the prosecution carried its burden on EED in this case. Admittedly, some of these cases involve an affirmative defense under which the accused bears the burden of persuasion, but, as the majority agrees, the burden of production was upon Matthews and he produced his expert witness. As the district court found:
What is required is that at the conclusion of the evidence, a reasonable jury be able to find beyond a reasonable doubt the absence of EED.... Substantial evidence in this case allowed reasonable jurors to do so.
Matthews v. Simpson, 603 F.Supp.2d 960, 972 (W.D.Ky.2009).
In Gall II, we held that there was insufficient evidence to sustain the conviction. 231 F.3d at 288. The evidence in this case was much different from the evidence produced in Gall. For instance, Gall introduced the testimony of two experts that he suffered from a severe psychotic disorder, specifically chronic paranoid schizophrenia. Against that, the Commonwealth admitted it had not rebutted the evidence of EED. Id. at 291. In Matthews’s case, he had one expert who testified that Matthews was suffering from an adjustment disorder, “causing temporary impairment of judgment, poor self-control and diminished awareness.” Matthews, 709 S.W.2d at 417. The psychiatrist did not find that Matthews suffered from a psychosis. In addition, the Commonwealth rebutted the EED evidence not only by the cross-examination of the psychiatrist, but also by all of the circumstances of the homicide as outlined in Matthews. The cumulative effect of the evidence demonstrates that the trial court did not err when it denied the motion for a directed verdict of acquittal and allowed the jury to decide the EED issue under the instructions, which did not shift the burden of proof to Matthews. That procedure was not contrary to Kentucky law at the time nor was it contrary to any Supreme Court case.[1]
II. Prosecutorial Misconduct
The majority finds that the closing argument by the prosecutor in the guilt phase of the trial denied Matthews his due process rights and thus was in violation of the Constitution.
First, we should determine the standard of review. Although the magistrate judge reviewed this claim de novo because the Kentucky Supreme Court specifically did not address the claim, Matthews, 603 F.Supp.2d at 1072, and the district judge adopted that part of the magistrate judge’s recommendation, see id. at 965, that was erroneous. The Kentucky Supreme Court ruled on that issue in summary fashion when it stated:
Appellant presents thirty-seven (37) separate assignments of error. We have considered all of these issues. In this *528 opinion time and space dictate that we limit to the issues that merit discussion. As to those we do not discuss, we note, for the record, that they have been considered and rejected.
Matthews, 709 S.W.2d at 417. Since oral argument in this case, the Supreme Court decided Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011), which requires us to accord AEDPA deference to the issues decided by the state courts. Therefore, I agree with the majority on the standard of review of full AEDPA deference.
The majority correctly states the two-step inquiry to determine whether prosecutorial misconduct rises to the level of unconstitutionality, that is, that the conduct must be both improper and flagrant. Broom v. Mitchell, 441 F.3d 392, 412 (6th Cir.2006). If the argument was improper, then we should consider four factors to decide whether “the improper acts were sufficiently flagrant to warrant reversal: (1) whether the evidence against the defendant was strong, (2) whether the conduct of the prosecution tended to mislead the jury or prejudice the defendant, (3) whether the conduct or remarks were isolated or extensive, and (4) whether the remarks were made deliberately or accidently.” Slagle v. Bagley, 457 F.3d 501, 515-16 (6th Cir.2006). This constitutional “line drawing” in prosecutorial misconduct cases is necessarily imprecise and the touchstone of the due process analysis is the fairness of the trial, not the culpability of the prosecutor. Id. at 516.
It is arguable that at least a portion of the prosecutor’s comments was improper. We condemned language about “the defense of last resort” in Gall II, 231 F.3d at 314-15. However, the remarks were not so egregious or flagrant as to warrant reversal of the convictions based on the four relevant factors from Slagle. First, the evidence against the defendant was strong, as counsel admitted that Matthews had killed the two victims. The evidence of whether Matthews was under the influence of EED at the time of the offense was not as compelling, but there was evidence that Matthews did not suffer from this impairment at the time of the killings.
Second, any prejudicial effect appears minimal. As the magistrate judge related:
[Vjery quickly after making these statements the prosecutor backpedaled and stated that he was not trying to imply that either counsel or Dr. Chutkow was unethical or had fabricated testimony. In fact, the prosecutor stated that Dr. Chutkow was telling the jury the truth.
Matthews, 603 F.Supp.2d at 1082.
Third, the comments were isolated. Matthews does not cite to any other instance where the prosecutor allegedly denigrated him or his counsel. As for the last element, the magistrate judge held that it was difficult to say whether the prosecutor’s remarks were deliberate or accidental. However, he came to the conclusion that “they were most probably unintentional.” Id. I agree with the magistrate judge’s conclusions. Although the last line of defense argument could have been improper, the withdrawal of the remarks by the prosecutor, without any objection by the defense, takes it out of the flagrant category. Like the magistrate judge and district court, I find that the Kentucky Supreme Court’s decision denying this claim was a reasonable application of constitutional law.
Therefore, because I believe the Kentucky Supreme Court did not decide this case contrary to or by an unreasonable application of Supreme Court law, I would affirm the decision of the district court in denying the writ of habeas corpus.

. The Supreme Court has previously chastised us in another habeas corpus case by saying: "We have repeatedly held that a state court’s interpretation of state law, ... binds a federal court sitting in habeas corpus.” Bradshaw v. Richey, 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005).