Joseph Richard WILSON, Appellant,

v.

COMMONWEALTH OF KENTUCKY, Appellee.

Court of Appeals of Kentucky.

Jan. 27, 1961.

John W. Coomes, New Castle, for appellant.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellee.

BIRD, Chief Justice.

Joseph Richard Wilson was convicted on a charge of negligent homicide with an automobile. KRS 435.025. His punishment was fixed at imprisonment in the county jail for a period of six months. He appeals.

Wilson was driving with three guests in his automobile. The automobile left the highway at high speed and overturned. The three guests were killed. One of the guests occupied the right front seat. For his defense Wilson contends that this guest put his foot on the accelerator, and pushed it to the floor board causing the accelerator to stick and develop a high speed. Wilson testified that this caused the wreck and resulting deaths.

Wilson contends that the trial court erred in not giving an affirmative concrete instruction on this theory of the case.

In Monson v. Commonwealth, Ky., 294 S.W.2d 78, 81, a case of homicide by automobile, this Court held that it was error not to give the concrete instruction. In that case we said:

> "Where the accused relies upon facts and circumstances amounting to an avoidance of the crime, or having the effect of exonerating him of criminal intent, he is entitled to a concrete instruction on his excuse or theory of the case."

We find no merit in the other grounds urged for reversal but must hold that the trial court erred in failing to instruct according to the quoted portion of Monson v. Commonwealth, supra.

The judgment is therefore reversed.