**Donnie JEWELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

Rehearing Denied March 15, 1968.

Robert T. Schneider, Horse Cave, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

On September 13, 1965, appellant was in jail in Horse Cave, Kentucky, awaiting trial on a charge of child desertion. William S. Smith, a detective with the Kentucky State Police, was looking for him in connection with an investigation on an offense of store-house breaking. Smith, in company with another officer, went to the jail in Horse Cave where appellant was released to them for interrogation. They took him into their automobile in front of the jail where they talked for approximately ten minutes concerning the charge being investigated by the officer. Officer Smith testified that they "just asked him what he knew and he indicated he knew something." Following this conversation he was taken to the jail at Cave City, Kentucky, some five miles away. There he readily confessed to the charge, which confession was reduced to writing and signed by him. Before questioning commenced, appellant was given a warning concerning his rights, which is set out in full at the beginning of the written statement.

"September 13, 1965. I Donny Alton Jewell make the following free and

voluntary statement to Detective William C. Smith and Trooper Cecil Overstreet, both known to me to be members of the Kentucky State Police. 'I have been advised I don't have to make any statement and any I do make can be used against me in a court of law. I have been advised I am entitled to an attorney before making this statement. No promises have been made to me, no threats or promise of reward. I am 29 years of age and can read and write. * * *' "

At the outset of the trial here in question, appellant objected to the introduction of the confession in evidence and asked for a hearing. The trial court heard evidence concerning the confession, at the conclusion of which it made the following ruling:

"I think the confession is competent for the reason that the man was informed in general terms as to his right. He was specifically informed that he did not have to make the statement and if he made it, it could be used against him. I think that is competent."

The confession was later introduced in evidence. Appellant was convicted of storehouse breaking under KRS 433.190 and sentenced to imprisonment for two years. His sole claim of error is that the confession should not have been used in evidence against him because it was obtained in violation of the rules announced by the Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The substance of what the court had to say in that case can be found on page 444, 86 S.Ct. on page 1612, as follows:

"Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. * * * Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any state of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned."

We do not believe the confession here violates the rule set out by the court in Miranda. True, the interrogation was a custodial interrogation as therein defined, however, the appellant was advised of his right to remain silent. He was advised that any statement he made could be used against him as evidence; that he was entitled to the advice of an attorney before making a statement, and that he was given a hearing by the trial court before the statement was introduced in evidence. The court being cognizant of Miranda it is, therefore, apparent that it was of the opinion the statement was given voluntarily, knowingly and intelligently. It does not appear that at any time during the taking of the statement appellant ever requested to consult with an attorney before going forward or that he at any time indicated in any manner that he did not wish to be interrogated by the officers. The statement clearly meets the requirements set out by the court in

Miranda v. State of Arizona, supra. We perceive no error in the trial.

.The judgment is affirmed.

All concur.