**William Michael CODY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1970.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

NEIKIRK, Judge.

Appellant, William Michael Cody, was indicted for first-degree involuntary manslaughter under KRS 435.022(1), as the result of an automobile collision in Madison County. The jury returned a verdict of guilty of involuntary manslaughter, second degree, and fixed his punishment at twelve months in the county jail.

Appellant, a student at Eastern University, Richmond, Kentucky, twenty-four years of age, married, and living with his wife in Berea, Kentucky, left his home in the late afternoon of October 31, 1968, ostensibly to visit his parents, who lived in Tennessee. Appellant was operating a 1969 Plymouth Roadrunner automobile. He had obtained this automobile from a fellow student on a temporary basis.

After appellant left his home, he stopped at two service stations near Berea and then proceeded south on Interstate 75. At a place approximately two miles from Berea, the collision between his automobile and an automobile proceeding in the same direction occurred. Two men, occupants of the second car, sustained fatal injuries.

Appellant testified that he was traveling in the southbound passing lane of Interstate 75 at a speed between 65 and 70 miles per hour. He saw the second and a third car ahead of him going in the same direction. These cars were traveling south in the outside lane at a speed of between 40 and 50 miles per hour. Appellant claims that as he started to pass, suddenly and without warning the second car veered to its left into the passing lane. Appellant stated that he was unable to avoid the impact that followed. The right front end of his car struck the left rear side of the second car. As a result, the second car veered to its left across the median dividing the four-lane highway and was struck head on by a fourth car traveling in the northbound portion of the highway. Appellant stated that he could remember nothing that occurred after the impact until he regained his faculties in the Madison County jail.

In response to a question concerning appellant's condition immediately after the accident, the arresting officer testified: "He was in a drunked up condition or hopped up on pills. He was intoxicated."

Witnesses Anderson and Manning testified that appellant "had been drinking" when he was in their respective service stations immediately preceding the accident.

Appellant urges that this court reverse the judgment of conviction. In support of his contention, he states that the trial court erred: (1) In instructing the jury on the crime of which he was convicted when the violation of that crime had not been charged in the indictment; (2) in permitting the jury to hear incompetent evidence in violation of his constitutionally guaranteed immunity from self-incrimination; and (3) in refusing to instruct the jury on appellant's affirmative defense of "sudden emergency."

We consider first appellant's claim that the trial court erred in giving an instruction on involuntary manslaughter, second degree, in addition to an instruction on the first degree. The indictment charged appellant

only with involuntary manslaughter, first degree.

■ Appellant failed to object to the instruction on second-degree involuntary manslaughter when it was given or in his motion and grounds for a new trial. The objection on appeal is too late. Napier v. Commonwealth, Ky., 426 S.W.2d 121; RCr 9.54. Moreover, the objection is a novel one. It is unusual to encounter a claim that an instruction on a lesser included offense is improper where it is uncontested that the evidence justifies such an instruction.

■ In a murder prosecution, if the evidence justifies, an instruction including involuntary manslaughter in the first and second degrees is necessary. Hemphill v. Commonwealth, Ky., 379 S.W.2d 223.

In Sanders v. Commonwealth, Ky., 269 S.W.2d 208, we said:

"It is elementary that the court is required to instruct on every degree of an offense which the evidence may support. * * *"

In Trimble v. Commonwealth, Ky., 447 S.W.2d 348, we said:

"* * * When the prosecution adduces evidence warranting an inference of a finding of a lesser degree of the charged offense, the court should instruct on the lesser degree even though the defendant presents the defense of alibi. * * *"

This rule is followed without exception. See 5 Wharton's Criminal Law and Procedure, Section 2099, page 268.

■ Apparently appellant considers "wanton" conduct as entirely different from "reckless" conduct and concludes the charges are distinct. The answer is that the difference is one of degree. Wanton conduct requires conscious knowledge of the probable consequences, whereas reckless conduct merely requires a state of indifference as to the result. The distinction is well pointed out in Lambert v. Commonwealth, Ky., 377 S.W.2d 76, where this court said:

"* * * Recklessness involves thoughtlessness while wanton conduct involves actual knowledge of the probable result and complete disregard for those results."

■ The indictment in the instant case charged first-degree involuntary manslaughter, which obviously included all of the elements of second-degree involuntary manslaughter. A defendant may be convicted of the crime stated in the indictment and all other crimes growing out of the same act of a lower degree. This is a well-established general rule. 41 Am.Jur.2d, Indictments and Informations, Section 313, page 1074.

Appellant relies on Smith v. Commonwealth, Ky., 424 S.W.2d 835. In that case, the indictment charged both degrees of involuntary manslaughter.

■ We reject the contention made by appellant in the instant case that the court erred in submitting an instruction permitting the jury to find the appellant guilty of the lesser offense of statutory involuntary manslaughter.

Appellant's second contention is that the trial court committed reversible error in permitting a state trooper to testify concerning admissions made by appellant after his arrest.

Appellant was arrested at the scene of the fatal accident. He was informed that he would be charged with manslaughter and was given the "Miranda" warnings. He requested to see an attorney. No further questions were asked by the officer. After arriving at Berea City Hall, appellant made numerous telephone calls. The officer testified that during this time appellant became very talkative and stated, among other things, that he had taken two pills prior to the accident and was driving eighty miles

per hour at the time of this tragic occurrence.

■ The statements made by appellant were deemed admissible by the trial court. Before permitting the jury to hear the damaging statements, the trial court, in chambers, conducted a full and complete hearing to determine if the constitutional rights of the appellant had been violated and if the statements should be permitted to be heard by the jury. This was proper. Bradley v. Commonwealth, Ky., 439 S.W.2d 61. The trial court determined that the appellant made the statements freely, voluntarily, and not in response to interrogation while he was under restraint. The appellant had received the proper warnings of his rights, and the statements made by him were not the result of custodial interrogation. Jewell v. Commonwealth, Ky., 424 S.W.2d 394; Combs v. Commonwealth, Ky., 438 S.W.2d 82; Chancellor v. Commonwealth, Ky., 438 S.W.2d 783. We concur with the findings of the trial court that the statements were admissible.

We now consider appellant's third contention, which is that he was entitled to an instruction on "sudden emergency." We do not agree.

■ The trial court instructed the jury in great detail with particular reference to the facts of the case. The instructions cover four pages of the record. The first two instructions adapted to the facts of the instant case are those as set out in Hemphill v. Commonwealth, Ky., 379 S.W.2d 223. The fourth instruction is one on reasonable doubt as to the whole case and as to the respective degrees of manslaughter. The fifth requires a unanimous verdict. The third reads as follows:

"The Court instructs the jury that if in the operation of the automobile of the defendant, at the time and place mentioned in the evidence, the defendant was not operating the automobile in a wanton manner, as defined in Instruction No. 1, or in a reckless manner, as defined in Instruction No. 2, but that the collision mentioned in the evidence was accidental and unintentional, then you should find the defendant not guilty."

These instructions were proper.

In Parker v. Commonwealth, Ky., 279 S.W.2d 1, we held in a prosecution for manslaughter arising out of an automobile collision that a special sudden emergency instruction was not warranted. We said:

"* * * The sudden emergency rule applies only when evidence discloses that one became aware of an emergency and was put to a rapid choice of alternative courses of action in order to avoid an accident and the jury, in the state of the evidence and in the light of subsequent events, might reach the conclusion that the course of action adopted was an unwise one. (Cases cited therein). * *"

In Parker, as in the instant case, there was evidence of drunkenness and speeding.

Appellant did not offer any evidence to show that he chose an unwise course of alternatives, nor did he even go so far as to show that a choice of alternatives was open to him. In fact, under appellant's theory of the case, no alternative courses of action were shown to be available. At most, his evidence tended to show that the collision was unavoidable and was caused by the negligence of the operator of the death car. The trial court's Instruction 3 adequately and fairly presented the defendant's entire theory of the case on the issue of accident.

In Shirley v. Commonwealth, Ky., 246 S.W.2d 455, we said:

"Appellant also contends he was entitled to a directed verdict, and in the alternative to an instruction on 'sudden emergency.' We do not agree. The substance of the testimony is that the accident occurred when appellant attempted to pass a vehicle in front of him. There is also evidence that he was intoxicated. There is sufficient evidence

to submit to the jury on both voluntary and involuntary manslaughter, and the facts do not entitle him to an instruction on sudden emergency."

In the instant case, there is ample evidence that the appellant was intoxicated, and, accepting the version of the appellant, the accident occurred when he attempted to pass a vehicle in front of him. See also Vanhoose v. Commonwealth, Ky., 264 S.W. 2d 72.

The facts of the collision and the deaths resulting were undisputed. Under the instructions given in the instant case, the issues were sharply presented for the consideration of the jury.

The cases relied on by the appellant in support of his contention that he was entitled to a sudden emergency instruction involve special circumstances or an unusual condition contributing to the accident, and are distinguishable. In Marye v. Commonwealth, Ky., 240 S.W.2d 852, Marye was confronted with a sudden emergency when another motor vehicle suddenly pulled into the path of his vehicle, and Marye had the alternative of attempting to avoid collision with the oncoming vehicle or of risking sure collision. He had, and made, a choice.

In Wilson v. Commonwealth, Ky., 342 S.W.2d 530, Wilson contended that one of the passengers in his automobile depressed the accelerator, causing the accident, and the court held that he was entitled to a concrete instruction on that theory. This was the action of a third party.

In Monson v. Commonwealth, Ky., 294 S.W.2d 78, Monson's version was that a third vehicle backed out into the street, forcing him into the decedent, and the court held the failure to give an accident instruction was error, noting that an accident instruction would present the issue of negligence of others. The holding in the Monson case is to the effect that the instruction given in the instant case was absolutely proper and sufficient. In Smith v. Commonwealth, Ky., 268 S.W.2d 937, this court

held that defendant was entitled to have his theory of "blackout" submitted to the jury under a special instruction.

A special instruction on sudden emergency in a case involving prosecution for involuntary manslaughter with a motor vehicle is not warranted unless the accused had a choice of alternatives to avoid the consequences of his acts. In the instant case, the appellant had no choice of alternatives to avoid the accident. If the jury believed appellant's theory that the collision was caused by the operator of the death car, and there was no way appellant could have avoided striking the death car, then there was no alternative. Under all of the circumstances, evidence, and record in this case, failure to give a sudden emergency instruction was not error.

Appellant had a fair trial, with competent evidence, and was found guilty by a jury under instructions carefully worded by the trial judge to meet the issues of the case.

The judgment is affirmed.

All concur.