James Diamond SHADOAN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 30, 1972.

Rehearing Denied Oct. 6, 1972.

W. Stokes Harris, Jr., Miller, Griffin & Marks, Lexington, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Justice.

This is an appeal from a judgment entered on the verdict of a jury finding appellant guilty of involuntary manslaughter (KRS 435.022(1)) under which his punishment was fixed at 10 years in prison.

Essentially the one and only question presented on this appeal is the competency of a bit of evidence given by the arresting officer which the appellant contends was incompetent, improper and prejudicial under the rule announced in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966). This claimed incompetent evidence is contained in the testimony of the arresting officers and is in the form of admission by the appellant of what occurred at the scene of the killing.

It is the appellant's contention that this evidence, which purports to amount to a confession, was obtained from him after his arrest while he was on his way to jail in a police ambulance and was in violation of the Miranda rule.

We shall now attempt to copy herein the material part of the evidence relating to the so-called confession. Before doing so, however, we should point out that on his arrest and after he was handcuffed, the arresting officers testified they gave the appellant all the requirements of the Miranda warnings by reading from a card which each officer carried on his person at all times, after which appellant declined to make a statement and told his wife to call his lawyer. One of the officers testified as follows: "We took Mr. Shadoan down to the patrol ambulance. I asked him again if he understood his rights and he said he did. I asked him if he wanted to make any statement as to what happened up there, and he says, 'He said something to me. I dared him to come up. He did, and I killed him.' "

The foregoing answer of the officer contains the objectionable evidence upon which the appellant is insisting that the judgment of conviction be reversed. It will be noted from the above recitation of the facts that the appellant was fully apprised of his rights not to incriminate himself or to make any statements, and obviously he first declined to make any statement in regard to the alleged crime and advised his wife to call his lawyer. Under Miranda the officers had no further right to question him. However, this does not mean that the appellant could not change his mind and waive his rights to remain silent and make any statement in connection with the case he desired to make. It should be kept in mind that the officers did not ask him any questions after he was given the Miranda warnings, but the officer asked him if he "wanted to make any statement as to what happened up there," after which he voluntarily and freely made a statement.

The defendant testified in his own behalf, and he admitted that he and the deceased had some argument while the deceased was in the parking lot adjacent to the appellant's upstairs apartment. He admitted that after the deceased came upstairs to his apartment a scuffle occurred during which he, appellant, secured some kind of knife with which he stabbed the deceased. That part of the statement to

the officer was admitted by appellant in his own testimony. The only part of the alleged statement in the patrol ambulance which the appellant did not admit on the witness stand is that which relates to his "daring" the deceased to come up to his apartment. To dare someone to come across a marked line is not a killing crime and only goes to show that the appellant was willing to engage in further physical combat in the event the deceased saw fit to accept the dare and go up to his apartment. The manner in which the fatal wound was inflicted upon the deceased was given to the jury by the appellant, but obviously the jury did not give full credit to his entire story. Anyway, getting back to the focal point, and that is whether or not this statement was freely, knowingly and voluntarily given, the trial judge found it was, and we agree.

The judgment is affirmed.