Samuel Evans ROBERSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 16, 1973.

George Geohegan, III, Chancellor & Darnell, Max M. Smith, Stites, McElwain & Fowler, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Robert W. Willmott, Jr., Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

Samuel Evans Roberson was convicted in the Franklin Circuit Court of the offense of unlawful possession of narcotics and sentenced to two years' confinement in the penitentiary and fined $6,000.00. We affirm the judgment.

On August 30, 1971, Detective Courtney of the Frankfort Police Department received information from an unnamed informant that a package containing narcotics was being sent airmail special delivery to a Samuel Roberson through the Frankfort Post Office, and that the package would arrive August 30th or 31st. He confirmed from the post office employees that there was an airmail special delivery package for Samuel Roberson and set up a surveillance of the post office.

The following day, August 31, 1971, Roberson picked up the package. As he walked out of the post office with his package, Roberson was arrested without warrant, advised of his constitutional rights, and taken to the Frankfort Police Station. The package was opened at the police station and the heroin found therein. Roberson signed a written statement acknowledging that he had been advised of his constitutional rights. At trial, Roberson offered no defense and was tried without a jury.

Roberson contends: (1) The arresting officers did not have probable cause, (2) all incriminating evidence should have been excluded as in violation of the warrant requirement of the Fourth Amendment to the United States Constitution and (3) evidence obtained from him during the interrogation at police headquarters should have been excluded.

The first two contentions will be treated collectively. The evidence of record reveals that the unknown informant had furnished reliable information on six prior occasions. On the arrest in question, several aspects of the informant's "tip" were corroborated. These were: The name of the suspect, the date the package would arrive, the place where the package would arrive, and the means by which the package would arrive.

The known reliability of the informant coupled with the confirmation, prior to arrest, of substantial parts of the infor-

mation furnished to the police officers, sufficiently established probable cause for Roberson's arrest.

■ Once probable cause was established for the arrest, the seizure of the package in the arrestee's hands was incident thereto and not unreasonable. See: Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

■ Since we are confronted with the issue of a warrantless seizure incident to an arrest based on probable cause, the holdings of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), are not applicable. Those decisions center on the facts needed to support an affidavit for a search warrant when based on information furnished by an unknown informant. The only relevancy is that Spinelli v. United States, supra, sets out two criteria for the issuance of a search warrant. One is the Aguilar v. Texas, supra, guidelines which require a showing of the reliability of the informant and the underlying circumstances upon which the informant based his conclusions. The second is the specificity of the information furnished by an unnamed informant and the ability of the officer to corroborate it, this being the *Draper* test. Once the *Draper* standards are met, the *Aguilar* guidelines are not applicable.

"\* \* \* A magistrate, when confronted with such detail, could reasonably infer that the informant had gained his information in a reliable way. \* \* \*."

Spinelli v. United States, supra. See also: McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

Since we have concluded this was a lawful arrest based on probable cause and the warrantless seizure was incident to, and not outside the scope of, that arrest our result is in accord with Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1961), in which the United States Supreme Court recognized limited exceptions to the rule which prohibits warrantless searches.

■ The limited exceptions set forth in *Coolidge* are not always available however when the police have ample opportunity to obtain a warrant. In this case Roberson was arrested almost at the instant when he came into possession of the narcotics. The officers had no reasonable opportunity thereafter to obtain a warrant because the delay in securing it may have resulted in the destruction of the evidence.

■■ Roberson's third allegation of error is not meritorious. He was advised of his "Miranda" rights upon his initial arrest. That advice is not required to be in writing. United States v. Stevens, 445 F. 2d 304 (6th Cir. 1971). There was no request for counsel even though Roberson was advised that the interrogation would cease at any time he requested counsel. There was no evidence that any statement made by Roberson was involuntary. The statements were therefore admissible. Hamilton v. Commonwealth, Ky., 401 S.W.2d 80 (1966); Jewell v. Commonwealth, Ky., 424 S.W.2d 394 (1968); Allee v. Commonwealth, Ky., 454 S.W.2d 336 (1970) and Shadoan v. Commonwealth, Ky., 484 S.W. 2d 842 (1972).

The judgment is affirmed.

PALMORE, C. J., and OSBORNE, REED, MILLIKEN, STEPHENSON and STEINFELD, JJ., sitting.

All concur.