**Carl Edward ENGLER, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

Feb. 16, 1982.

Jack Emory Farley, Public Advocate, Erwin W. Lewis, Asst. Public Advocate, Frankfort, for movant.

Steven Beshear, Atty. Gen., Gerald Henry, Frankfort, Penny R. Warren, Asst. Attys. Gen., for respondent.

## OPINION OF THE COURT

Carl Edward Engler and his brother, Mitchell Engler, were tried together under separate indictments charging them with 1st-degree assault (KRS 508.010) in connection with the stabbing and wounding of Clifford Camden and Kenneth Perkins during a nocturnal encounter in Frankfort. Carl was convicted of 2nd-degree assault (KRS 508.020) and given the maximum sentence of 10 years. Mitchell was convicted of 1st-degree assault and given the minimum sentence of 10 years. The convictions were affirmed by the Court of Appeals. 618 S.W.2d 601. This court denied Mitchell's motion for discretionary review but granted Carl's motion for similar relief. The question is whether Carl's conviction must be reversed because the trial court denied his request for an instruction on extreme emotional disturbance, a mitigating defense under KRS 508.040.

Camden and Perkins worked at an auto repair shop. At about 11:00 p. m. on July 13, 1979, they were in the shop and Perkins was installing a radio in his car. Trouble began when an automobile occupied by the two Englers and two young women pulled up and stopped in a lot adjoining the shop. A fight developed when Camden asked the occupants to move their car elsewhere. During the encounter both Perkins and Camden were stabbed. As might be guessed, the evidence of who did what to whom, and why, conflicted sharply. It is uncontroverted, however, that at one stage of the proceedings Camden armed himself with a large tow-chain and hook, either for his own protection or for offensive purposes or both. In any event, Carl testified that Camden was chasing his brother, Mitchell, around the car with it and that he, Carl, stabbed Camden in the back because he was afraid both for Mitchell's safety and for his own. He said that he stabbed Perkins because Perkins was coming toward him with a knife in his hand and, having been cut by someone once before on another occasion, he was "scared", "afraid he was going to stab me."

In declining to instruct on the mitigating theory of extreme emotional disturbance the trial judge expressed the view that the fear of being killed or injured is an element of self-protection, which the assault instructions required the Commonwealth to disprove. To put it another way, if the jury believed Carl's testimony that he acted out of fear of being harmed, or of his brother's being harmed, then it was obliged to find him not guilty under instructions authorizing a conviction for assault only if the jury believed beyond a reasonable doubt that he was *not* entitled to act in self-protection or in protection of another. As a matter of fact, on the issue of self-protection or protection of another the Commonwealth had the burden of proof, whereas under KRS 508.040 the defendant has the burden of proving extreme emotional disturbance (though not beyond a reasonable doubt).

Cf. Palmore, Kentucky Instructions to Juries, § 2.11, *Comment.*

Nevertheless, under the evidence in this case it would not have been unreasonable for a juror to believe beyond a reasonable doubt that Carl was *not* acting in self-protection or in defense of his brother, yet still believe that he *was* acting in a state of "extreme emotional disturbance for which there was a reasonable justification or excuse under the circumstances as he believed them to be."

There can be little doubt that not only Carl (who was 18 years of age) but all of the participants in the fray were emotionally excited during the heat of battle. Whereas self-protection requires justification for the injurious act itself, the element of extreme emotional disturbance requires reasonable justification only *for the emotional disturbance,* this distinction being the ground for the fact that one calls for an acquittal and the other merely reduces the degree of the offense.

We are not unmindful that the trial court gave instructions under which the jury could have found Carl guilty of 3rd-degree assault if it had been so minded. That it fixed his punishment at the maximum for 2nd-degree assault (10 years) suggests very strongly that it would not have found him guilty of 3rd-degree assault (a misdemeanor with maximum confinement of 12 months in jail) even if an appropriate instruction on extreme emotional disturbance had been given.

We think, however, that the criterion for harmless error should be reasonable certainty, and for this court to declare it reasonably certain that the jury's verdict would have been no different had an instruction on extreme emotional disturbance been given would require a degree of speculation we are unwilling to indulge.

The judgment is reversed with directions for a new trial.

PALMORE, C.J., and AKER, CLAYTON and STERNBERG, JJ., concur.

STEPHENSON, J., dissents by separate opinion.

STEPHENS, J., joins in his dissent.

STEPHENSON, Justice, dissenting.

I disagree with the majority opinion for essentially the same reasons as those in my dissent in *Pace v. Commonwealth,* Ky., 561 S.W.2d 664 (1978).

This case presents a classic illustration of a state of facts justifying a self-defense instruction. It is fundamental that the defendant's theory of the case be presented to the jury if justified by the facts. Here, self-defense is the defendant's theory of the case, and the instruction is given. The majority opinion stands for the proposition that the defendant's theory of the case be given to the jury by an instruction and then adds another dimension by going a step further and requiring the giving of an extreme emotional disturbance instruction. Carl Engler testified that he was "scared," "afraid he was going to stab me." This is self-defense language and not extreme emotional disturbance language. Interestingly enough the majority opinion points out that the defendant has the burden of proving extreme emotional disturbance. It is my view that Carl Engler failed completely in meeting this burden, if he ever had any idea of attempting to prove it in the first place.

Accordingly I dissent.

STEPHENS, J., joins in this dissent.