**COMMONWEALTH of Kentucky, Appellant,**

v.

**Ronald Eugene ELMORE, Appellee.**

**No. 91–SC–283–DG.**

Supreme Court of Kentucky.

June 4, 1992.

Chris Gorman, Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Frankfort, for appellant.

Barbara M. Holthaus, Public Protection and Regulation Cabinet Dept. of Public Advocacy, Frankfort, for appellee.

R. ALLEN WILSON, Special Justice.

Discretionary Review was granted the Commonwealth in this case after an adverse ruling in the Court of Appeals.

The Appellee/Defendant, Ronald Eugene Elmore, had originally appealed a conviction from the Jefferson Circuit Court alleging that the trial court improperly gave an instruction under KRS 508.040 (assault under extreme emotional disturbance) which mitigates a conviction for assault under KRS 508.010 (assault in the first degree), 508.020 (assault in the second degree), and 508.030 (assault in the fourth degree).

Elmore argued to the Court of Appeals that only he had the right to request an instruction under KRS 508.040 (extreme emotional disturbance) and that it was error for the trial court to grant such an instruction on the Commonwealth's request and without his consent.

The Court of Appeals accepted the argument of Elmore and reversed the trial court in reliance upon *Montague v. Commonwealth*, Ky., 332 S.W.2d 543 (1960). We reverse.

Reliance upon *Montague* in this action is erroneous. That case held that an instruction should not be given unless there was substantial evidence to support such an instruction. It did not stand for the proposition that only the Defendant could determine which instructions the trial court should give.

The Court of Appeals determined that *Vick v. Commonwealth*, 236 Ky. 436, 33 S.W.2d 297 (1930), was not applicable, but we disagree. *Vick* is one of a long line of cases which hold, "... it is the duty of the trial court to instruct on such defense whether it be supported by evidence presented by the accused, or introduced on behalf of the commonwealth." [Id., 33 S.W.2d at p. 299; *Trimble v. Commonwealth*, Ky., 447 S.W.2d 348 (1969) p. 350; *Cody v. Commonwealth*, Ky., 449 S.W.2d 749 (1970) p. 751; *Reed v. Commonwealth*, Ky., 738 S.W.2d 818 (1987) p. 823].

The defendant, Elmore, has argued on appeal that it was a part of his trial strategy, because he was a persistent felony offender under KRS 532.080, to reject an instruction under KRS 508.040 allowing extreme emotional disturbance as a mitigating factor. He insists that the jury should have been required to find him either guilty of a higher degree of assault or not guilty by reason of self defense, and that the extreme emotional disturbance instruction allowed a compromise verdict and subjected him to PFO penalty enhancement.

However, that was not the only option given the jury. The jury was also instructed under KRS 508.030, assault in the fourth degree, which is a Class A misdemeanor, to which Elmore did not object. Conviction under this statute would not have triggered the PFO enhancement, but the jury chose not to find under that instruction. It believed that Elmore was guilty of a more serious crime.

If this was the strategy of Elmore, it doesn't appear in the trial court record. Further, if Elmore was serious in attempting to use this strategy, he could have made a fully informed waiver of this defense as discussed in *Dean v. Commonwealth*, Ky., 777 S.W.2d 900 (1989), p. 908 and 910, to properly preserve the record. This he chose not to do and his failure was not prejudicial under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On appeal Elmore tried to compare the defense of extreme emotional disturbance to that of insanity or mental illness, which requires notice by the defendant and informed waiver of that defense, once it is raised. (*Dean, surpa*). But the statutes are different and require different burdens of proof. The extreme emotional disturbance statute does not require notice by the defendant and doesn't depend upon expert witnesses to prove it. Its purpose is to help a defendant by reducing the sanctions for assault. It does not provide a complete defense to an assault charge.

There is enough proof in the record, in reliance upon *Engler v. Commonwealth*, Ky., 627 S.W.2d 582 (1982), to justify the giving of the instruction in question and it was not sufficiently prejudicial to compel a reversal of the trial court. *Smith v. Commonwealth*, Ky., 737 S.W.2d 683, 688 (1987).

No complaint is made by Elmore as to the trial itself, but solely to the one instruction which was intended for his benefit. The alleged prejudice occurred after the guilty jury verdict and solely because of the PFO statute which required an enhancement of the penalty. The record indicates that Elmore has been convicted of four prior felonies in the ten years before this incident took place. He chose not to let the jury fix his PFO punishment, but allowed the trial court to do so. He was given the minimum sentence of ten (10) years. He has not complained of that.

Elmore was guaranteed a fair trial, which he received, but not a result with which he agrees. *McDonald v. Commonwealth*, Ky., 554 S.W.2d 84 (1977).

The opinion of the Court of Appeals is reversed and the judgment of the Jefferson Circuit Court is affirmed.

LAMBERT, SPAIN and WINTERSHEIMER, JJ., concur.

LEIBSON, J., concurs in results only and files a separate concurring opinion.

COMBS, J., dissents with a separate dissenting opinion in which STEPHENS, C.J., joins.

LEIBSON, Justice, concurring.

Respectfully, I concur in results only.

Because of the state of the record, this is a rather bizarre case. Initially, Elmore appealed his conviction for assault under extreme emotional disturbance "on the grounds that the trial court, over his objection, gave an instruction on the mitigating defense of assault under extreme emotional disturbance as provided by KRS 508.040 even though he was indicted on the charges of assault in the first degree ... and the instruction (on assault under extreme emotional disturbance) was only requested by the Commonwealth." His direct appeal was rejected without reaching the merits, the Kentucky Court of Appeals stating:

"From our reading of the record, however, we find neither a specific objection to the instruction nor a motion for a new trial that afforded the trial court an opportunity to pass on the particular error now alleged on appeal." CR 87–CA–2789–MR and 88–CA–1433–MR, rendered June 23, 1989, not to be published.

Apparently this decision on initial appeal disposing of the case on grounds of procedural default was flat wrong: the record reflects trial counsel made an objection to the giving of an instruction on assault under extreme emotional disturbance, and the Court of Appeals should have addressed the merits of Elmore's claim that this instruction was improper. This is a RCr 11.42 collateral attack on the judgment which was upheld on direct appeal; the trial court has found that "defense counsel, at trial, *did preserve the error* [emphasis added]," and the Court of Appeals has sustained that finding.

If correct in his contention that giving the instruction was error, surely Elmore should be entitled to collaterally attack the procedural error in failing to address the issue on direct appeal, and thus to attack the judgment upon which he is now incarcerated. A fundamental error of this nature deprives one of due process just as surely as counsel's failure to object (had it occurred) would deprive of the right to counsel. There would be cause and prejudice under the standard of *Strickland v. Washington* 466 U.S. 668, 104 S.Ct. 2052,

80 L.Ed.2d 674 (1984), and the Majority Opinion herein would be incorrect in stating that the procedural default "was not prejudicial under the standard of *Strickland v. Washington.*"

However, the threshold question is whether there is any merit to the claim of error: even if defense preserved the claim of error by appropriate objection at trial to giving an instruction on assault under extreme emotional disturbance, the appellant cannot successfully attack the procedure by which it was affirmed if there was no error in giving the instruction.

Because I agree with the Majority Opinion that the instruction was appropriately given, I concur in the results of this case.

If the state of the evidence supports the giving of an instruction covering a lesser included offense, neither the Commonwealth nor the defendant has any right to control whether the instruction shall be given. Indeed, when appropriate, the trial court may instruct on a lesser included offense when neither side has requested it. Cf. *Trimble v. Commonwealth,* Ky., 447 S.W.2d 348 (1969); *Vick v. Commonwealth,* 236 Ky. 436, 33 S.W.2d 297 (1930).

The trial court should instruct on every state of the law supported by the evidence, regardless of the "trial strategy" of either prosecutor or defendant, if it is a lesser included offense. The indictment necessarily puts the defendant on notice that every offense lesser included within the charge is also charged, if supported by the evidence. This is the general rule. KRS 508.040 states "the defendant may establish ['extreme emotional disturbance'] in mitigation," but the particular way in which the element of "extreme emotional defense" is structured in KRS Chapter 508, which covers "Assault and Related Offenses," does not change the general rule.

The impact of extreme emotional disturbance as it relates to assault is structured differently in KRS Chapter 508 from the structure used in describing its impact on criminal homicide in KRS Chapter 507, but it has a parallel effect. In both instances extreme emotional disturbance is a mitigating factor reducing the level of the offense,

but nevertheless an essential element of the reduced offense. In the same way that this element, when present, reduces intentional murder to Manslaughter I, when present it reduces Assault I or Assault II to a Class D felony. It may well be that, unlike the present case, the usual situation is one where it serves the objectives of the defense rather than the Commonwealth for such an instruction to be given, but neither side can control the giving or denying of an instruction as a matter of trial tactics. It simply does not matter which side presents the evidence which justifies the giving of the instruction, so long as the evidence supports it:

> "... and it is the duty of the trial court to instruct on such defense whether it be supported by evidence presented by the accused, or introduced on behalf of the Commonwealth." *Vick v. Commonwealth, supra,* 33 S.W.2d at 299.

The state of the facts here is very similar to *Engler v. Commonwealth,* Ky., 627 S.W.2d 582 (1982), wherein we held assault under extreme emotional disturbance should have been instructed on as a lesser included offense. The language in *Engler* states that "under KRS 508.040 the defendant has the burden of proving extreme emotional disturbance," but that does not change the result. *Id.* at 583. When it comes time for the giving of instructions, the question is not who had the burden of proof, but whether there is proof to justify a particular result.

The Commentary to KRS 508.040, Assault Under Extreme Emotional Disturbance, states:

> "The purpose of this statute is to provide the same type of mitigating, degree-reducing factor in the law of assault as exists in the law of homicide."

This means that, notwithstanding the language in KRS 508.040 stating "the defendant may establish in mitigation that he acted under the influence of extreme emotional disturbance, as defined in subsection (1)(a) of KRS 507.020," when it comes to instructing on this offense as a lesser included offense, the sole question is whether the evidence justifies the instruction.

There is no merit to the claim of lack of evidence to support instructing on extreme

emotional disturbance. Although the defendant claims he acted in self-defense, there was ample evidence from which the jury could infer he acted from uncontrollable rage.

Therefore, I concur in the Majority Opinion.

COMBS, Justice, dissenting.

I respectfully dissent.

KRS 508.040(1) provides:

In any prosecution under KRS 508.010, 508.020, or 508.030 in which intentionally causing physical injury or serious physical injury is an element of the offense, *the defendant may establish in mitigation* that he acted under the influence of extreme emotional disturbance, as defined in subsection (1)(a) of KRS 507.020.

Emphasis added. There is no ambiguity in the statutory language, and it is clear beyond doubt that the issue of extreme emotional disturbance may be raised only by the defense for purposes of mitigation. In this case, the defense made no effort to establish or to rely upon extreme emotional disturbance, but offered instead the completely different defense of self-protection.

Moreover, KRS 507.020(1)(a) provides, in part:

... a person shall not be guilty under this subsection if he acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances *as the defendant believed them to be.*

Emphasis added. Under this statute, evidence of extreme emotional disturbance is as a matter of law never sufficient unless it includes evidence of the defendant's perception of the circumstances. In the present case, no such evidence was forthcoming.

Under both KRS 508.040 and KRS 507.020(1)(a), it was obvious error for the trial court to instruct on extreme emotional disturbance over the defendant's objection.

The prejudice is equally apparent, as the jury was given—and chose—an unlawful compromise between a conviction on the charged offense and an acquittal based upon the defense of self-protection.

Criminal law is statutory law. This Court possesses no authority to re-write unambiguous statutes, nor to create law beyond the scope of the penal code. But that is what we are attempting today, and we are sorely wrong.

STEPHENS, C.J., joins in this dissent.