Jeffrey COFFEY, Appellant,

v.

Hon. Roderick MESSER, Judge, Laurel Circuit Court, Div. II, Appellee,

and

Commonwealth of Kentucky, Real Party in Interest.

No. 97–SC–46–MR.

Supreme Court of Kentucky.

May 22, 1997.

Mark J. Stanziano, Somerset, Stefanie M. McArdle, Appellate Public Advocate, Frankfort, for Appellant.

Roderick Messer, London, pro se.

A.B. Chandler, III, Attorney General, David A. Smith, Criminal Appellate Division, Office of Attorney General, Frankfort, Lawrence Ray Carmichael, Commonwealth Attorney, Somerset, for Real Party in Interest.

COOPER, Justice.

Appellant is charged with the August 31, 1995 murders of fifteen-year-old Taiann Wilson and seventeen-year-old Matthew Coomer. On March 17, 1996, Appellant's trial counsel arranged for Appellant to be evaluated by a mental health professional in preparation for trial. On August 12, 1996, pursu-

ant to RCr 7.24(3)(A)(i), the Commonwealth filed a motion to compel discovery of mental health evidence, so that it could determine whether to move for a separate mental examination in accordance with RCr 7.24(3)(B)(ii). At that time, Appellant had not given notice pursuant to RCr 7.24(3)(B)(i) of his intention to introduce expert mental health testimony. His response to the Commonwealth's motion stated that he did not intend to prove mental illness or insanity and had not given notice of any mental health defense which would entitle the prosecution to its own evaluation.

On September 3, 1996, pursuant to KRS 504.070(1) and/or RCr 7.24(3)(B)(i), Appellant gave written notice of his intention to introduce mental health evidence at trial. However, the notice further stated that Appellant's counsel were not able to discern at that time whether (1) an insanity defense existed; (2) Appellant was competent to stand trial; and/or (3) Appellant was under the influence of extreme emotional disturbance at the time of the charged offenses. On October 8, 1996, the Commonwealth renewed its discovery motion and also moved for an order requiring Appellant to submit to a mental examination by a psychiatrist selected by the Commonwealth. On November 25, 1996, the trial judge entered an order holding that:

> [E]vidence of extreme emotional disturbance does bear on the issue of guilt. Therefore, if the defendant files such notice, the Commonwealth shall have the right to have the defendant submit to a mental health exam....

On December 7, 1996, Appellant underwent a second mental health examination by an expert of his choice. On December 9, 1996, he filed another notice of his intent to introduce mental health expert testimony at trial. Specifically, the notice stated that (1) Appellant was not currently incompetent to stand trial and/or assist in his defense; (2) Appellant did not intend to present an insanity defense at trial; and (3) Appellant did intend to introduce the testimony of a mental health expert to support Appellant's claim of extreme emotional disturbance and in any penalty phase of the trial. On December 17, 1996, the trial judge entered an order granting the Commonwealth's motion for a mental

health evaluation of Appellant. Appellant then petitioned the Court of Appeals for a Writ of Prohibition against enforcement of that order. The Court of Appeals denied the petition and Appellant appeals to this Court as a matter of right. Ky. Const., § 115.

## I.

Appellant first asserts that KRS 504.070 authorizes the Commonwealth to obtain a mental health examination only if the defendant gives notice of his intention to introduce expert testimony relating to a defense of insanity or mental illness. In fact, the statute does not mention the word "defense," but rather authorizes an examination if the defendant gives notice of his intent to introduce *evidence* of mental illness or insanity at trial. KRS 504.070(1), (2). In *Stanford v. Commonwealth*, Ky., 793 S.W.2d 112, 115 (1990), we held that the definition of mental illness was broad enough to include extreme emotional disturbance (EED) and that the defendant's failure to give notice justified the trial court's decision to exclude the defendant's mental health evidence.

Regardless of the language of KRS 504.070, RCr 7.24(3)(B)(i) and (ii) authorize a mental examination of the defendant if he gives notice of his intention to introduce expert testimony "relating to a mental disease or defect *or any other mental condition* of the defendant bearing upon the issue of his guilt...." (Emphasis added.) Appellant posits that even if EED falls within the category of "any other mental condition," it does not bear upon the issue of guilt, since EED is not a defense, but only a mitigating factor which serves to reduce the charged offense of murder to the lesser offense of first-degree manslaughter.

■ Although we have occasionally described EED as a mitigating circumstance, *e.g., Gall v. Commonwealth*, Ky., 607 S.W.2d 97, 108 (1980), *overruled on other grounds, Payne v. Commonwealth*, Ky., 623 S.W.2d 867 (1981), *cert. denied,* 450 U.S. 989, 101 S.Ct. 1529, 67 L.Ed.2d 824 (1981), it is, in fact, a defense to the extent that its presence precludes a conviction of murder. KRS 507.020(1)(a). We have often characterized

EED as a defense,[1] and it is referred to as a "defense to the crime" in the mitigating circumstances section of our capital penalty statute. KRS 532.025(2)(b)2. Once evidence is introduced to prove the presence of EED, its absence becomes an element of the offense of murder. *Gall v. Commonwealth, supra,* at 109. As with other penal code defenses, the Commonwealth then assumes the burden of proof on the issue but is not required to produce direct evidence of its absence. *Matthews v. Commonwealth,* Ky., 709 S.W.2d 414, 421 (1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 245, 93 L.Ed.2d 170 (1986). Evidence of EED entitles the defendant to an instruction on the lesser included offense of first-degree manslaughter. KRS 507.030(1)(b). Although a lesser included offense is not a defense within the technical meaning of those terms as used in the penal code, it is, in fact and principle, a defense against the higher charge. *Gall v. Commonwealth, supra,* at 108; *Brown v. Commonwealth,* Ky., 555 S.W.2d 252, 257 (1977). Even in *Buchanan v. Kentucky,* 483 U.S. 402, 408, 107 S.Ct. 2906, 2910, 97 L.Ed.2d 336 (1987), the United States Supreme Court characterized EED (too expansively, to be sure) as an "affirmative defense." Appellant's argument that RCr 7.24(3)(B)(i) only contemplates mental health evidence which would prove a complete defense ignores the fact that a verdict of guilty but mentally ill as defined in KRS 504.130 also is less than a complete defense. KRS 504.150.

Appellant cites *Holbrook v. Commonwealth,* Ky., 813 S.W.2d 811 (1991) for the proposition that "[t]he presence or absence of extreme emotional distress is a matter of evidence, and not an element of the crime [of murder]." *Id.* at 815. That quote originated in *Wellman v. Commonwealth,* Ky., 694

S.W.2d 696, 697 (1985) and is cited out of context. In *Wellman,* there was *no evidence* that the defendant was acting under the influence of EED at the time of the offense. The holding in *Wellman* was that the Commonwealth is not required to prove the absence of EED if there is no evidence tending to prove its presence. However, once evidence of EED is introduced, its absence is included as an element in the instruction on murder per KRS 507.020(1)(a).

An instruction on murder need not require the jury to find that the defendant was not acting under the influence of extreme emotional disturbance *unless there is something in the evidence to suggest that he was,* thereby affording room for a reasonable doubt in that respect.

694 S.W.2d at 697, quoting *Gall v. Commonwealth, supra,* at 109 (1980). (Emphasis added.) In *Holbrook, supra,* the absence of EED was included as an element in the instruction on murder. That case was reversed because the instructions did not include a separate instruction defining EED, as required by *McClellan v. Commonwealth,* Ky., 715 S.W.2d 464, 469 (1986), *cert. denied* 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 986 (1987), and a separate instruction explaining the effect of a finding of EED pursuant to *Gall v. Commonwealth, supra,* at 110 and *Edmonds v. Commonwealth,* Ky., 586 S.W.2d 24, 27 (1979), *overruled on other grounds, Wellman v. Commonwealth, supra,* at 697.

■ In summary, once evidence of EED is introduced, the absence thereof becomes an element of the offense of murder. Therefore, the presence of EED is a defense which bears upon the issue of the defendant's guilt of the charged offense. When the defendant intends to introduce expert mental health

1. *Sanborn v. Commonwealth,* Ky., 892 S.W.2d 542, 551 (1994), *cert. denied,* ─── U.S. ───, 116 S.Ct. 154, 133 L.Ed.2d 98 (1995); *Perry v. Commonwealth,* Ky., 839 S.W.2d 268, 270 (1992); *Commonwealth v. Elmore,* Ky., 831 S.W.2d 183, 185 (1992); *Foster v. Commonwealth,* Ky., 827 S.W.2d 670, 678 (1991), *cert. denied,* 506 U.S. 921, 113 S.Ct. 337, 121 L.Ed.2d 254 (1992); *Milburn v. Commonwealth,* Ky., 788 S.W.2d 253, 259 (1989); *Smith v. Commonwealth,* Ky., 734 S.W.2d 437, 449 (1987), *cert. denied,* 484 U.S. 1036, 108 S.Ct. 762, 98 L.Ed.2d 778 (1988); *Bevins v. Commonwealth,* Ky., 712 S.W.2d 932,

938 (1986), *cert. denied,* 479 U.S. 1070, 107 S.Ct. 963, 93 L.Ed.2d 1010 (1987); *Matthews v. Commonwealth,* Ky., 709 S.W.2d 414, 417 (1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 245, 93 L.Ed.2d 170 (1986); *Buchanan v. Commonwealth,* Ky., 691 S.W.2d 210, 213 (1985), *affirmed,* 483 U.S. 402, 107 S.Ct. 2906, 97 L.Ed.2d 336 (1987); *Engler v. Commonwealth,* Ky., 627 S.W.2d 582, 583 (1982); *Gall v. Commonwealth, supra,* at 108; *Huff v. Commonwealth,* Ky., 560 S.W.2d 544, 549 (1977); *Brown v. Commonwealth,* Ky., 555 S.W.2d 252, 257 (1977).

evidence to prove that defense, the provisions of RCr 7.24(3)(B)(i) and (ii) are triggered.

## II.

Secondly, Appellant asserts that to require him to submit to an examination by a mental health professional employed by the Commonwealth would violate his Fifth Amendment right against self-incrimination and his Sixth Amendment right to advice of counsel. For this proposition, he relies primarily on the decision of the United States Supreme Court in *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). In that case, the trial judge *sua sponte* ordered a psychiatric examination of the defendant to determine his competency to stand trial. The defendant was not advised of his right to remain silent and had no opportunity to consult with his attorneys prior to the examination. The defendant was found competent to stand trial and was convicted of murder. At the subsequent capital penalty phase of the trial, the defendant introduced no mental health evidence. However, as proof of the aggravating factor of "future dangerousness," the Commonwealth called the examining psychiatrist as a witness. The psychiatrist testified: (a) that the defendant "is a very severe sociopath;" (b) that "he will continue his previous behavior;" (c) that his sociopathic condition will "only get worse;" (d) that he has no "regard for another human being's property or for their life, regardless of who it may be;" (e) that "[t]here is no treatment, no medicine ... that in any way at all modifies or changes this behavior;" (f) that he "is going to go ahead and commit other similar or same criminal acts if given the opportunity to do so;" and (g) that he "has no remorse or sorrow for what he has done." *Id.*, 451 U.S. at 459–60, 101 S.Ct. at 1871. All of these opinions were premised upon information obtained by the doctor during his competency examination of the defendant. The defendant's subsequent sentence of death was reversed because the evidence to support the aggravating factor was obtained in violation of his Fifth and Sixth Amendment rights. However, the opinion included the following qualification:

> When a defendant asserts the insanity defense and introduces supporting psychiat-

ric testimony, his silence may deprive the State of the only effective means it has of controverting his proof on an issue that he interjected into the case. Accordingly, several Courts of Appeals have held that, under such circumstances, a defendant can be required to submit to a sanity examination conducted by the prosecution's psychiatrist.

*Id.* at 465, 101 S.Ct. at 1874.

In *Buchanan v. Kentucky, supra*, the defendant attempted to prove extreme emotional disturbance by having a social worker read from several reports and letters dealing with evaluations of the defendant's mental condition. On cross-examination, the prosecutor requested that the social worker read from a report of a psychological evaluation made while the defendant was within the jurisdiction of the juvenile court after his arrest for the murder. This examination had been conducted with the consent of the defendant. The Supreme Court held that the introduction of this evidence did not violate the Fifth Amendment, because the defendant had consented to the examination, and because the report did not repeat any statements made by the defendant concerning the charged offenses. The Court noted that if the defendant did not take the stand, the prosecutor would be unable to respond to the defense of extreme emotional disturbance unless it could present other psychological evidence. *Id.* at 423, 107 S.Ct. at 2918. The Court also held there was no Sixth Amendment violation, because defendant's counsel had prior knowledge of the examination and an opportunity to discuss it with his client.

> Such consultation, to be effective, must be based on counsel's being informed about the scope and nature of the proceeding. There is no question that petitioner's counsel had this information. To be sure, the effectiveness of the consultation also would depend on counsel's awareness of the possible uses to which petitioner's statements in the proceeding could be put. Given our decision in *Smith*, however, counsel was certainly on notice that if, as appears to be the case, he intended to put on a "mental status" defense for petitioner, he would

have to anticipate the use of psychological evidence by the prosecution in rebuttal. *Id.* at 424–25, 107 S.Ct. at 2919. *See also Sanborn v. Commonwealth*, Ky., 892 S.W.2d 542 (1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 154, 133 L.Ed.2d 98 (1995).

 The following provision contained in RCr 7.24(3)(B)(ii) also insures that the defendant's Fifth Amendment rights will be protected:

> No statement made by the defendant in the course of any examination provided for by this rule, whether the examination be with or without the consent of the defendant, shall be admissible into evidence against the defendant in any criminal proceeding. No testimony by the expert based upon such statement, and no fruits of the statement shall be admissible into evidence against the defendant in any criminal proceeding except upon an issue regarding mental condition on which the defendant has introduced testimony.

This language was adopted almost verbatim from Federal Rule of Criminal Procedure 12.2(c), which was crafted to protect the Fifth Amendment rights held violated in *Estelle v. Smith, supra.* Nor will the examination violate Appellant's Sixth Amendment rights, since defense counsel will have advance notice of the examination and an opportunity to consult with him before the examination occurs. *Buchanan v. Kentucky, supra.* Since the results of the Commonwealth's examination are admissible only in rebuttal to mental health evidence introduced by the defense, RCr 7.24(3)(B)(ii), Appellant can preclude introduction of the Commonwealth's evidence by declining to introduce mental health evidence in his own behalf.

### III.

Finally, we find Appellant's reliance upon the recent case of *United States v. Davis*, 93 F.3d 1286 (6th Cir.1996) to be misplaced. Federal Rule 12.2(c) requires a defendant "in an appropriate case" to submit to a mental examination by the government "pursuant to 18 U.S.C. 4241 and 4242." It was held in *Davis* that since those statutes pertain only to mental examinations to determine competency to stand trial and sanity, Rule 12.2(c) does not authorize an examination where the defendant proposes to offer expert testimony of a mental condition which does not relate to either of those two defenses. Our rule is not so limited. Furthermore, even the three-judge panel in *Davis* conceded that its interpretation of Rule 12.2(c) is not shared by the majority of federal courts which have considered the issue. *E.g., United States v. Stackpole*, 811 F.2d 689, 697 (1st Cir.1987); *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir.1986); *United States v. Vega–Penarete*, 137 F.R.D. 233 (E.D.N.C.1991); *United States v. Banks*, 137 F.R.D. 20 (C.D.Ill.1991).

The decision of the Court of Appeals to deny Appellant's petition for a Writ of Prohibition is therefore affirmed.

All concur.